[No. A042017. First Dist., Div. Four. Feb. 27, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER B. JOHNSON, Defendant and Appellant.

---

**COUNSEL**

Donald S. Altschul, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Aileen Bunney and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ANDERSON, P. J.—Walter B. Johnson (appellant) was charged with first degree residential burglary committed on November 28, 1987, in violation of Penal Code[1] section 459. The information also alleged that appellant had suffered eight prior separate prison terms (§§ 667.5, subd. (b)) and eight prior serious felony convictions (§§ 667 and 1192.7, subd. (c)(18)).[2] Appellant pled not guilty and denied the prior conviction enhancement allegations.

The trial was bifurcated, and the jury found appellant guilty of first degree burglary as charged. On appellant's waiver of further jury trial, the truth of the alleged priors was tried to the court. The court found seven of the alleged eight prior separate prison term convictions to be true; it also found that a May 27, 1983, first degree burglary was true and was a "serious felony"; at a subsequent hearing the court found each of the seven other prior convictions to be a "serious felony."

Appellant was sentenced to state prison for thirty-nine years as follows: four years for the first degree burglary plus seven consecutive five-year enhancements for each of the seven prior serious felony convictions which were separately charged.[3]

With the exception of the 1983 first degree burglary prior conviction, appellant contends on appeal that the evidence produced at trial was insufficient to prove that the prior convictions involved burglary of a residence; therefore, he claims it was insufficient to bring them within the definition of "serious felony" for section 667 five-year enhancement purposes. Appellant urges this court to strike the first six enhancements and dismiss them with prejudice. We conclude that the trial court did not err in finding appellant's prior convictions to be serious felonies within the meaning of sections 667 and 1192.7; we therefore affirm the judgment in toto.

## I. *Post-Proposition 8 Convictions*

Appellant was convicted in 1983 of first degree burglary. Appellant expressly admitted the residential nature of that crime and does not challenge that enhancement.

---

[1] All further statutory references are to the Penal Code.

[2] Specifically, second degree burglary convictions in 1963, 1964, 1966, 1972, 1978 and 1983, and 1983 convictions of attempted and first degree burglary. The information also alleged a conviction for receiving stolen property which is not at issue here.

[3] The court imposed only one enhancement for the January 13, 1983, convictions of second degree burglary and attempted second degree burglary which had been charged in the same information.

Appellant was also convicted in 1983 of attempted second degree burglary and second degree burglary, for which the trial court imposed a single five-year enhancement. ▮ Appellant contends that the evidence was insufficient to establish that these crimes involved burglary of a residence. He maintains that the residential allegations in the information was superfluous and irrelevant because the appellant ultimately pled guilty to those crimes in the second degree. As defined by section 460, second degree burglary at the time of the convictions may or may not have involved burglary of a residence.

The evidence before the trial court included the complaint which in count I charged appellant with attempting to enter the "residence of Mrs. Azucena Davis at #7 Gennessee" in the City of San Francisco "with the intent to commit larceny." Count II charged appellant with entering the "residence of Jane Radcliffe at #12 Baden" in the City of San Francisco "with the intent to commit larceny." The court also had the abstract of judgment showing pleas of guilty to second degree burglary and attempted second degree burglary. The only evidence rebutting the residential character of the burglary convictions was appellant's own testimony. Appellant testified that he could not recall the nature of the burglary and attempted burglary, but he was sure they were not residential. Appellant's testimony was the same for all the prior convictions contested here. The trial court could, and obviously did, reject that testimony.

Proposition 8, approved by the voters prior to commission of these prior convictions (June 8, 1982), enacted section 667 to provide sentence enhancements for habitual criminals who are convicted of a "serious felony." Subdivision (d) defines "serious felony" by reference to section 1192.7, subdivision (c); that section includes "burglary of a residence."

▮ The Supreme Court has made it clear, however, that " 'burglary of a residence' " as used in section 1192.7 is meant to describe criminal conduct and not a specifically enumerated crime. (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150].) In *People* v. *Jackson* (1985) 37 Cal.3d 826, 835 [210 Cal.Rptr. 623, 694 P.2d 736], the court stated, "Proposition 8 did not intend to define a crime 'burglary of a residence,' intermediate between first and second degree burglary, but to create a new enhancement under which persons convicted of first or second degree burglary could receive an additional sentence. Under this reasoning, even though entry into a residence is not an essential element of second degree burglary, it was properly pled as an essential element of the serious felony enhancement provided by section 667. We see no reason why this element cannot be alleged and established in the same manner as other factors which, although not elements of the charged offense, affect the length of the sentence . . . ."

■ Appellant contends that because the case law existing at the time of the 1983 convictions limited proof of a section 667 serious felony enhancement to matters necessarily established by the judgment of conviction, appellant had no reason to contest the residential nature of the charged burglary. We disagree.

In *Guerrero,* our Supreme Court carefully analyzed the *McVickers-Seeley-Finley* line of cases (which were in effect at the time of appellant's 1983 convictions). (See *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40]; *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24]; *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381].) The court stated, "Indeed, far from establishing that proof of the substance of a prior conviction is limited to matters necessarily established by the prior judgment of conviction, those cases declare that the court may look to the entire record of the conviction for this purpose. [¶] Further, we believe that the *McVickers-Seeley-Finley* line of cases supports the following rule for use in the context of section 667 enhancements: in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.)

The court interpreted the *McVickers-Seeley-Finley* line as holding that the presumption that the prior conviction was for the least offense punishable applies only "when the record does not disclose *any* of the facts of the offense actually committed." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355, italics added.) In the present case the record did contain the additional evidence of the accusations in addition to the guilty pleas from which the court could reasonably presume that the burglaries were residential.

*Guerrero* is determinative. Therein, the record of each prior conviction "included an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere . . . ." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 345.) The previous burglary convictions occurred at a time when the residential nature of the building entered was not an enhancement to the crime. The Supreme Court held that the trial court did not err when it looked beyond matters necessarily established by the prior judgment to determine whether defendant's prior burglary convictions were residential. (*Id.* at p. 356.)

Since appellant's 1983 convictions occurred after section 667 was enacted, the residential allegations in the information were neither irrelevant nor superfluous. Given the consequences of section 667, appellant had ample reason to contest the residential nature of the burglary charged when he pled guilty.

■ As the court noted in *Jackson,* "In a post-Proposition 8 case . . . an allegation that a burglary involved entry into a residence is not a

superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*People* v. *Jackson, supra,* 37 Cal.3d at p. 836, fn. 14.)

In *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844 [210 Cal.Rptr. 450, 694 P.2d 135], the court stated in a slightly different context: "Defendant first contends that his present conviction of second degree burglary cannot be considered a conviction of a serious felony within section 667, because entry into a residence is not an essential element of the offense. Defendant, however, pled nolo contendere to an information which alleged burglary of a residence, and in view of the enhancement provided by section 667, that allegation cannot be considered surplusage. Defendant further acknowledged that his plea exposed him to a possible sentence of eight years, a term which included the five-year serious felony enhancement. Defendant's plea under these circumstances constitutes an admission that the current burglary was a residential burglary within the meaning of section 667. (See *People* v. *Jackson* (1985) *ante,* pp. 826, 835-836 [ ].) Such an admission is sufficient to establish the residential character of the burglary. (*Jackson, supra, ante,* at p. 836.)"

 Our examination of the evidence produced at trial convinces us that the trial court did not err in finding the evidence sufficient to establish the residential nature of the 1983 burglary and attempted burglary convictions.

## II. *Pre-Proposition 8 Convictions Supported by Section 1203.01 Statements*

Appellant was convicted in 1964 of second degree burglary and again in 1966 of second degree burglary.

The evidence relevant to the 1964 conviction included an information charging appellant with entering the "residence of Johanna B. Moore, located at 1526 - 40th Avenue" in the City and County of San Francisco "with the intent to commit theft" and an abstract of judgment indicating a plea of guilty to second degree burglary. The evidence relevant to the 1966 conviction contained an information charging appellant with entering the "Residence of Ruth Del Carlo, located at 400 Elmira Street" in the City and County of San Francisco "with the intent to commit theft" and an abstract of judgment showing a plea of guilty to second degree burglary.

■ As the court stated in *People* v. *Jackson, supra,* 37 Cal.3d at page 836, proof of the residential character of prior burglary convictions encounters obstacles when the convictions predate Proposition 8. The residential allegation contained in such an information may be claimed to be superfluous when the plea is to second degree burglary. With respect to appellant's 1964 and 1966 convictions, however, we encounter no such obstacles. In addition to the information and abstract of judgment, both records of conviction included section 1203.01 statements. These statements, signed by the judge and prosecutor, specifically detail the residential character of the burglary convictions. They name a victim, a residence and recount other facts of the crime. Again, the only evidence rebutting the residential character of the burglaries was appellant's own testimony, which the trial court rejected.

This record is sufficient to support the trial court's findings that the 1964 and 1966 burglary convictions involved residential burglaries.

III. *Pre-Proposition 8 Convictions Without Section 1203.01 Statements*

Appellant suffered second degree burglary convictions in 1963, 1972 and 1978. The evidence relevant to the 1963 conviction included an information charging appellant with entering the "residence, of Catherine Allioto, located at 421 Harvard Street" in the City and County of San Francisco "with the intent to commit theft" and an abstract of judgment indicating a plea of guilty to second degree burglary.

The evidence relevant to the 1972 conviction included an information charging appellant with entering the "residence of Israel Goodstein located at 4238 Anza Street" in the City and County of San Francisco "with the intent to commit theft" and an abstract of judgment indicating a plea of guilty to second degree burglary.

The evidence relevant to the 1978 conviction included an information charging appellant with entering the "residence occupied by Samuel Hirsch, located at 544 30th Avenue" in the City and County of San Francisco "with the intent to commit theft" and an abstract of judgment indicating a plea of guilty to second degree burglary. Again, the only evidence rebutting the residential inference in each of these three prior burglaries was appellant's own testimony.

■ Appellant contends that the logic of *People* v. *Vasquez* (1988) 204 Cal.App.3d 1531 [252 Cal.Rptr. 331] controls and requires reversal; we disagree with both appellant and the holding of *Vasquez.* In *Vasquez,* the appellate court ordered stricken an enhancement for a 1981 second degree burglary conviction. The court had before it the original pleading, the change of plea form and transcript, abstract of judgment and sentencing

transcript. The court held that apart from the unproved allegation in the information, the record of conviction contained no suggestion that Vasquez committed a residential burglary: "The record is as susceptible to an implication Vasquez did not contest the residential allegation because he had been advised it was irrelevant based on his plea bargain, as it is to one that the silent evidentiary record should be read as an admission of the residential nature of his second degree burglary." (*Id.,* at pp. 1536-1537.)

We believe the *Vasquez* reasoning is an overly restrictive interpretation of the rule established in *Guerrero. Guerrero* authorizes the court "to look beyond the judgment to the entire record of the conviction." (*People v. Guerrero, supra,* 44 Cal.3d at p. 356.)

Despite the *Vasquez* court's disclaimer that "the *Guerrero* decision offers no guidance regarding 'what items in the record of conviction are admissible and for what purpose or whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant'" (*People v. Vasquez, supra,* 204 Cal.App.3d at pp. 1535-1536, citing *People v. Guerrero, supra,* 44 Cal.3d at p. 356, fn. 1.), *Guerrero* does offer unequivocal guidance in similar factual situations.

The evidence relevant to prior convictions in *Guerrero* included accusatory pleadings charging residential burglary and a plea thereto of either guilty or nolo contendere. We are here presented with the same exact evidence. If such evidence of conviction in *Guerrero* was sufficient to satisfy our Supreme Court, it is necessarily sufficient to satisfy us.

The appellant's contentions are identical to those unsuccessfully asserted by the dissent in *Guerrero:* "The record in the present case, so far as it pertains to the enhancements, is only eight pages. It reveals that in 1978 and 1981 defendant was charged with entering a residence to commit theft, and pled guilty. He was convicted of second degree burglary. Residential entry was not an element of that crime. [¶] The fact that the information asserted that defendant entered a residence is in itself hearsay; it is admissible only insofar as it explains defendant's plea. [Citation.] That plea, however, admitted only the elements of the charged crime. [Citations.] It does not admit allegations which do not constitute elements of the crime. Defendant's convictions established only those elements necessarily adjudicated. [Citation.] Thus the record before us contains no competent evidence that defendant committed burglary of a residence. It shows only that the prosecutor on each occasion claimed the defendant entered a residence, that defendant entered a plea which did not necessarily admit that claim, and the court entered a judgment which did not adjudicate the claim. . . ." (*People v. Guerrero, supra,* 44 Cal.3d at p. 360 [dis. opn. of Broussard, J.].) Despite

such contentions, the majority clearly found this evidence sufficient and rejected the dissent's position. Given the holding in *Guerrero,* appellant does not aid his cause by relying upon its dissent.

The appellate court in *Vasquez* demonstrated the fallacy in its own reasoning when it recognized that the record of conviction was "as susceptible" to an inference that the burglary was residential as it was to one that it was nonresidential. (*People* v. *Vasquez, supra,* 204 Cal.App.3d at p. 1536.) In choosing the nonresidential inference, the *Vasquez* court erred by substituting its own judgment for the trial court's findings.

■ As our Supreme Court has stated, " 'even though the appellate court may itself believe that the circumstantial evidence might be reasonably reconciled with defendant's innocence, this alone does not warrant interference with the determination of the trier of fact.' " (*People* v. *Ruiz* (1988) 44 Cal.3d 589, 611 [244 Cal.Rptr. 200, 749 P.2d 854], citing *People* v. *Towler* (1982) 31 Cal.3d 105, 118-119 [181 Cal.Rptr. 391, 641 P.2d 1253].)
■ On appeal, we must " 'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People* v. *Ruiz, supra,* 44 Cal.3d at p. 611, citing *People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ Our examination of the entire record convinces us that the trial court was not unreasonable in finding beyond a reasonable doubt that appellant's 1963, 1972 and 1978 second degree burglary convictions were each of a residence. We further find that all of those prior convictions discussed in sections I and II of this opinion could likewise be affirmed *solely* upon the rationale of *Guerrero.*

The judgment is affirmed.

Channell, J., and Perley, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 1, 1989.