[No. F011398. Fifth Dist. Mar. 27, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN MANUEL GOMEZ, Defendant and Appellant.

**158**

COUNSEL

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Jessica K. McGuire, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson and Laura I. Heidt, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEST, Acting P. J.—

### STATEMENT OF THE CASE

Following remittitur issued by this court on June 7, 1988, this case was remanded to the trial court for a retrial. On October 20, 1988, defendant

was again convicted by jury of first degree burglary of a residence. (Pen. Code,[1] §§ 459, 460.)

In a bifurcated trial, the court found true allegations that defendant had suffered two prior serious felony convictions (§ 667, subd. (a)), for residential burglaries (§ 1192.7, subd. (c)(18)), and had served three prior prison terms (§ 667.5, subd. (b)).

Defendant was sentenced to prison for the upper term of six years on the current burglary conviction. In addition, the court imposed two consecutive five-year enhancements for prior serious felony convictions and an additional one-year enhancement for a prior prison term, for a total unstayed term of seventeen years. The court stayed two of the prior prison term enhancements.

On this appeal defendant's sole contention is that the five-year enhancement term imposed pursuant to section 667, subdivision (a), for a June 10, 1980, prior serious felony conviction must be stricken. We affirm.

The facts underlying defendant's current burglary conviction are not germane to the issues raised on appeal.

### DISCUSSION

### DID THE PROSECUTION FAIL TO ESTABLISH BY ADMISSIBLE EVIDENCE THAT DEFENDANT WAS PREVIOUSLY CONVICTED OF A RESIDENTIAL BURGLARY?

Defendant first argues that "the prosecution failed to carry its burden of proving by relevant, competent, admissible evidence" that he was previously convicted of a "residential burglary."

The evidence introduced at the trial with regard to the prior conviction in question consisted of (1) an information charging a felony based upon the unlawful entry into the "house and building occupied by Louise Wilkinson with the intent to commit larceny"; (2) an abstract of judgment indicating a conviction of burglary in the second degree by guilty plea; and (3) a probation report prepared by the Los Angeles County Probation Department.

Prior to 1982 and Proposition 8, a daytime residential burglary was burglary of the second degree. At that time, however, second degree burglary was not limited to residential buildings. Therefore, a second degree

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

burglary committed prior to 1982 did not necessarily establish that the burglary was of a residence, as required for enhancement purposes under section 667. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr. 623, 694 P.2d 736].)

In *People* v. *Guerrero* (1988) 44 Cal.3d 343, 355-356 [243 Cal.Rptr. 688, 748 P.2d 1150], the Supreme Court held that the trier of fact may consider the entire record of conviction in determining whether or not a prior burglary conviction involved the burglary of a residence, overruling its *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] decision, which had limited proof to matters necessarily established by the prior judgment of conviction. It is noteworthy that the evidence presented in *Guerrero,* i.e., "an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere" (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 345), was almost identical to the instant case—an information charging a residential burglary and an abstract of judgment of conviction of second degree burglary by guilty plea. However, the court made the following statement in footnote 1 at page 356: "In this case we are not called on to resolve such questions as what items in the record of conviction are admissible and for what purpose or whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant. Because we are not called on to resolve such questions, we decline to address them here."

Relying on this footnote, defendant contends in his reply brief that "the court in *Guerrero* specifically declined to address the question of whether the evidence introduced in that case [which is also encompassed in the case at bar] was admissible because that Court had not been called upon to resolve that question." While it is true that the *Guerrero* court left the evidentiary issue open with regard to future cases, the court necessarily decided the evidence in *Guerrero* itself was sufficient to sustain the trial court's findings. For example, in *People* v. *Johnson* (1989) 208 Cal.App.3d 19 [256 Cal.Rptr. 16], where the evidence on numerous prior convictions was an information alleging a residential burglary and an abstract of judgment indicating a guilty plea to second degree burglary, the court held that despite the disclaimer in footnote 1 in *Guerrero,* the issue was decided, stating as follows: " . . . *Guerrero* does offer unequivocal guidance in similar factual situations.

"The evidence relevant to prior convictions in *Guerrero* included accusatory pleadings charging residential burglary and a plea thereto of either guilty or nolo contendere. We are here presented with the same exact evidence. If such evidence of conviction in *Guerrero* was sufficient to satisfy our Supreme Court, it is necessarily sufficient to satisfy us.

"The appellant's contentions are identical to those unsuccessfully asserted by the dissent in *Guerrero*: 'The record in the present case, so far as it pertains to the enhancements, is only eight pages. It reveals that in 1978 and 1981 defendant was charged with entering a residence to commit theft, and pled guilty. He was convicted of second degree burglary. Residential entry was not an element of that crime. [¶] The fact that the information asserted that defendant entered a residence is in itself hearsay; it is admissible only insofar as it explains defendant's plea. [Citation.] That plea, however, admitted only the elements of the charged crime. [Citations.] It does not admit allegations which do not constitute elements of the crime. Defendant's convictions established only those elements necessarily adjudicated. [Citation.] Thus the record before us contains no competent evidence that defendant committed burglary of a residence. It shows only that the prosecutor on each occasion claimed the defendant entered a residence, that defendant entered a plea which did not necessarily admit that claim, and the court entered a judgment which did not adjudicate the claim. . . .' (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 360 [dis. opn. of Broussard, J.].) Despite such contentions, the majority clearly found this evidence sufficient and rejected the dissent's position. Given the holding in *Guerrero,* appellant does not aid his cause by relying upon its dissent." (*People* v. *Johnson, supra*, 208 Cal.App.3d at pp. 27-28.)

The same view was taken in *People* v. *Harrell* (1989) 207 Cal.App.3d 1439 [255 Cal.Rptr. 750], where the court stated: "The facts and result in *Guerrero* compel the conclusion that the trial court in this case did not err in imposing a section 667 enhancement for the 1981 burglary conviction. In *Guerrero,* the trial court imposed an enhancement based on 'an accusatory pleading charging a residential burglary and defendant's plea of guilty or nolo contendere, . . .' (*Guerrero, supra*, at p. 345.) The Supreme Court found that the trial court had 'acted properly' in imposing the enhancement. (*Id.*, at p. 356.) The Supreme Court remanded to the Court of Appeal 'for further proceedings consistent with this opinion,' (*ibid.*) thereby implying that the appellate court could affirm the judgment without remanding to the trial court for additional evidence of the residential character of the burglary.

"·   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The evidence on which the trial court in this case relied was identical to the type of evidence on which the trial court in *Guerrero* had relied. The Supreme Court in *Guerrero* concluded the trial court had 'acted properly.' We therefore find, under *Guerrero,* that the trial court in this case did not err in imposing a five-year enhancement under section 667 for the 1981 burglary conviction. [¶] In our view *Guerrero* clearly disposes of this issue;

. . ." (*People* v. *Harrell, supra*, 207 Cal.App.3d at p. 1444; see also J. Brauer's dis. opn. in *People* v. *Diaz* (1989) 208 Cal.App.3d 338 [255 Cal.Rptr. 91].)

Citing *People* v. *Smith* (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522], footnote 7, defendant points out that the prosecutor's charging allegations are hearsay. Defendant, however, fails to point out that the *Smith* court in footnote 7 held such hearsay evidence is admissible, stating: "Although hearsay, the charging allegations are admissible to explain Smith's admissions in the *Tahl* forms. (*People* v. *Richards* (1976) 17 Cal.3d 614, 618 . . . ; see also 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 686.)"

Defendant relies on *People* v. *Vasquez* (Cal.App.) to support his contention that the evidence is insufficient to support the conviction based solely on an information alleging a residential burglary and a guilty plea to second degree burglary. However, *Vasquez* was criticized by the *Johnson* court, *supra*, and by Justice Brauer in his dissent in *Diaz, supra*, 208 Cal.App.3d 338, before *Vasquez* was ordered unpublished by the Supreme Court on June 1, 1989 (D004935).[2] Moreover, defendant's contention, which is identical to the reasoning adopted in *Vasquez,* has apparently been rejected by the *Guerrero* court. As pointed out in *Johnson,* Justice Broussard, in his dissenting opinion, made the identical contentions unsuccessfully. (*People* v. *Johnson, supra*, 208 Cal.App.3d at p. 27; see dis. opn. by J. Broussard in *People* v. *Guerrero, supra*, 44 Cal.3d at pp. 359-360.)

Finally, defendant acknowledges that this case cannot be distinguished from *People* v. *Johnson, supra*; however, he baldly asserts that the *Johnson* case was wrongly decided. We, however, agree with the *Johnson* case and hold that the information charging defendant with residential burglary together with the abstract of judgment showing his plea of guilty constituted admissible evidence sufficient to establish the residential nature of the June 10, 1980, serious felony conviction.

In view of our holding above, we deem it unnecessary to dispose of defendant's additional contention that the probation report was objectionable as hearsay and did not fill the evidentiary gap the defendant contends exists. We note, however, that there is one case, which was overruled by the now defunct *People* v. *Alfaro, supra*, 42 Cal.3d at page 636, footnote 8, that has held such evidence to be properly considered and sufficient to support the lower court's finding, although a hearsay contention was not raised.

---

[2] We note that the *Guerrero* opinion was filed February 11, 1988, and the opinion in *Vasquez* was filed on October 11, 1988. Defendant's opening brief was filed in this court on July 10, 1989.

(*People* v. *Dean* (1984) 161 Cal.App.3d 493, 502 [207 Cal.Rptr. 688].) A hearsay contention was considered and rejected in *People* v. *Garcia* (1989) 216 Cal.App.3d 233, 236-237 [264 Cal.Rptr. 662] (time for grant or denial of review extended to Apr. 5, 1990). (See also *People* v. *Johnson, supra,* 208 Cal.App.3d at p. 25 [sustained lower court's use of § 1203.01 statements].)

By the same token defendant's final contention—that he was deprived of effective assistance of counsel by trial counsel's failure to object to the evidence offered in support of the June 10, 1980, robbery conviction—is rendered moot. As concluded above, the introduction into evidence of the accusatory pleading had already been held to be proper in *Guerrero,* in spite of the hearsay concerns raised by the dissent. The record establishes defense counsel was aware of the *Guerrero* case and its ramifications. Thus, defense counsel was under no duty to make what would have been futile objections. (*People* v. *Ghent* (1987) 43 Cal.3d 739, 772 [239 Cal.Rptr. 82, 739 P.2d 1250].)

## DISPOSITION

The judgment is affirmed.

Stone (W. A.), J., and Ardaiz, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 11, 1990. Broussard, J., was of the opinion that the petition should be granted.