98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex ANAYA, Jr., Petitioner-Appellant,
v.
T. WHITE, Warden of Folsom Prison, California State Prison
System; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55996.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alex Anaya, Jr., appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Anaya contends that: 1) insufficient evidence supported an enhancement to his sentence for burglary; 2) his thirty-two-year sentence for burglary constituted cruel and unusual punishment; and 3) the state trial court erroneously imposed six consecutive sentence enhancements. We review de novo a district court's decision on a § 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Anaya pleaded guilty to a second degree burglary in 1977. He was again convicted of burglary in 1992. He received six five-year sentence enhancements based in part on his 1977 conviction. See Cal.Penal Code § 667(a) (West 1988) (requiring five-year consecutive sentence for prior serious felony conviction).
 
 
 4
 Anaya contends that the evidence during his 1992 bench trial on the sentencing enhancements was insufficient to prove that he committed a burglary of a residence in 1977. We disagree.
 
 
 5
 Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); McMillan v. Gomez, 19 F.3d 465, 468-69 (9th Cir.), cert. denied, 115 S.Ct. 170 (1994). Sufficiency claims are judged by looking at the elements of the crime under state law. Jackson, 443 U.S. at 324 n. 16; Panther v. Hames, 991 F.2d 576, 581 (9th Cir.1993) (per curiam). Under California law, the trier of fact "may consider the entire record of conviction in determining whether or not a prior burglary conviction involved the burglary of a residence." People v. Gomez, 268 Cal.Rptr. 50, 51 (Cal.Ct.App.1990).
 
 
 6
 In 1977 a second-degree burglary conviction included both residential and nonresidential burglary. See id.. A sentence enhancement for a prior serious felony under Cal.Penal Code § 667(a) is valid only if the State proved that Anaya committed a burglary of a residence in 1977. See id.
 
 
 7
 The state trial court in 1992 found that Anaya committed a residential burglary in 1977 based on the following records from the 1977 conviction: 1) the complaint, which alleged burglary of a residence; 2) the amended information, which alleged attempted burglary of a residence; and 3) a document stating that the facts underlying the guilty plea are that Anaya "attempted to enter a structure with intent to commit theft." The trial court also considered the transcript from the 1977 plea hearing. Anaya is correct that during that plea colloquy he agreed that he "attempt[ed] to enter a structure with the intent to commit theft." Also during the colloquy Anaya specifically agreed that he pleaded guilty to the information, as amended, which charged attempted burglary of a residence.
 
 
 8
 Because a guilty plea is an admission of the factual elements of the indictment, Anaya's guilty plea was an admission that he burglarized a residence. See United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987). The California Court of Appeal determined that the reference during the plea colloquy and in the plea document to a "structure" had no legal effect on the amended information or the original complaint. We defer to that court's interpretation of its own laws. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993) (per curiam); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The record before the 1992 trial court thus indicates that Anaya pleaded guilty to residential burglary. See Gomez, 268 Cal.Rptr. at 52-53. Therefore sufficient evidence supported the sentence enhancement. See Jackson, 443 U.S. at 319; McMillan, 19 F.3d at 468-69.
 
 
 9
 Anaya's other claims are without merit. The thirty-two year sentence for committing a burglary after prior convictions for six prior serious felonies was not "grossly disproportionate" to his crime, and thus not cruel and unusual. See Rummel v. Estelle, 445 U.S. 263, 271-73 (1980); United States v. Estrada-Plata, 57 F.3d 757, 762 (9th Cir.1995).
 
 
 10
 To the extent Anaya claims his sentence is cruel and unusual under the California Constitution, "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see McQuire, 502 U.S. at 67-68. Similarly, Anaya's claim that the state trial court erroneously determined that the six five-year sentence enhancements must be imposed consecutively involves an error of state law not cognizable on federal habeas corpus. See McQuire, 502 U.S. at 67-68. Furthermore, the California Court of Appeal determined that the trial court's interpretation was correct. We defer to the state court's interpretation of its own laws. See Bueno, 988 F.2d at 88.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3