Filed 9/26/14  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DOMINIQUE TASHAUN JOHNSON,<br><br>　　　　Defendant and Appellant. | C074188<br><br>(Super. Ct. No. NCR85946) |

　　　　A jury found defendant Dominique Tashaun Johnson guilty of reckless evasion of a pursuing peace officer (Veh. Code, § 2800.2) and found he had a prior strike conviction for robbery in Washington (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i); unless otherwise stated, statutory references that follow are to the Penal Code). Sentenced to six years in state prison, defendant appeals.  He contends reversal is required because the trial court gave the jury a "conflicting" instruction that lowered the prosecution's burden of proof.  He also contends, and the People concede, that there was

insufficient evidence that his prior Washington robbery conviction qualified as a strike and that the abstract erroneously indicates the trial court imposed a section 1202.5 fine. We reverse the prior strike finding and order the preparation of an amended abstract of judgment.

FACTS AND PROCEEDINGS

A detailed recitation of the facts underlying the offense is unnecessary to the resolution of the issues on appeal. Instead of stopping in response to a California Highway Patrol officer's activation of emergency lights and the siren, defendant accelerated to twice the legal speed limit and ran a red light before losing control of his vehicle, skidding through a ditch and crashing into a stop sign.

The jury found defendant guilty of reckless evasion of a pursuing peace officer. In a bifurcated proceeding, the jury found true that defendant had sustained a prior conviction for robbery in Washington. The trial court found the robbery conviction constituted a strike, as the statutory definitions of robbery in Washington and California were similar.

The trial court denied defendant's request to dismiss his prior strike and sentenced defendant to the upper prison term of three years, doubled to six years for the strike.

DISCUSSION

I

*Instructional Error*

Defendant contends his conviction must be reversed because the trial court misspoke when charging the jury with the instruction on the prosecution's burden of proof beyond a reasonable doubt. He contends the mistake resulted in structural error because it essentially lowered the prosecution's burden of proof. We find the trial court did not commit reversible error.

2

The trial court instructed the jury with CALCRIM No. 220, which was read to the jury and provided to the jury in written form, as follows:

"Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.

"In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty."

Immediately following the oral instruction with CALCRIM No. 220, the trial court read CALCRIM No. 221, as follows:

"The People are required to prove the allegations beyond a reasonable doubt.

"Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the allegation is true. The evidence does not need to eliminate all possible doubt because everything in life is open to some --" The trial court then interjected: "sorry, folks, that is somewhat repetitive but I'll finish because it is still the same" and continued: "-- because everything in life is open to some possible or imaginary doubt.

"In deciding whether the People have proved the allegation beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received during this phase of the trial. Unless the evidence proves the allegation beyond a reasonable doubt, you must find that the allegation has been proven." The last sentence in CALCRIM No. 221 should properly read: "Unless the evidence proves the allegation beyond a reasonable doubt, you must find that the allegation has *not* been proven." (Italics added.)

Defendant contends the trial court's error violated his constitutional due process rights to a fair trial and to present a defense (U.S. Const., 6th & 14th Amends.) and, therefore, requires reversal without an inquiry into prejudice because it constitutes a

3

structural error, and that, even if inquiry into prejudice is required, the error cannot be shown to be harmless beyond a reasonable doubt.

Contrary to defendant's contention, the California Supreme Court has held that errors such as these do not constitute reversible error, structural or otherwise. "The risk of a discrepancy between the orally delivered and the written instructions exists in every trial, and verdicts are not undermined by the mere fact the trial court misspoke. 'We of course presume "that jurors understand and follow the court's instructions." [Citation.] This presumption includes the written instructions. [Citation.] To the extent a discrepancy exists between the written and oral versions of jury instructions, the written instructions provided to the jury will control.' (*People v. Wilson* [(2008) 44 Cal.4th 758, 803].) Because the jury was given the correctly worded instructions in written form and instructed with [former] CALJIC No. 17.45 that '[y]ou are to be governed only by the instruction in its final wording,' and because on appeal we give precedence to the written instructions, we find no reversible error. (See also *People v. Mungia* (2008) 44 Cal.4th 1101, 1132-1133; *People v. Box* (2000) 23 Cal.4th 1153, 1212.)" (*People v. Mills* (2010) 48 Cal.4th 158, 200-201 (*Mills*), footnotes omitted.)

Here, as in *Mills*, the trial court provided the jury with properly worded written instructions and instructed the jurors with CALCRIM No. 200, which provides in pertinent part: "Members of the jury, I will now instruct you on the law that applies to this case. [I will give you a copy of the instructions to use in the jury room.] [The instructions that you receive may be printed, typed, or written by hand. Certain sections may have been crossed-out or added. Disregard any deleted sections and do not try to guess what they might have been. Only consider the final version of the instructions in your deliberations.]"

The jury was instructed to consider only the "final version" of the jury instructions which necessarily were the written instructions they were given to refer to in the jury deliberation room. Under the circumstances, there was no reversible error.

Defendant argues that, although the jurors received a corrected worded copy of CALCRIM No. 220, they did not receive a correctly worded copy of CALCRIM No. 221 -- the instruction the judge misread. Thus, he argues, the error was not corrected.

CALCRIM No. 221 is properly given in special proceedings or bifurcated trials, such as trial on prior convictions or sentencing factors, not in the trial on the substantive crime charged.

CALCRIM Nos. 220 and 221 are nearly identical instructions, except that one refers to proving the case and the other, proving the "allegation." Indeed, the trial court interjected during the oral reading of CALCRIM No. 221 that the instruction was repetitive of what the jury had just heard but it would continue anyway. Thus, the jurors, receiving the written CALCRIM No. 220 instruction, would reasonably conclude that the language contained therein controlled as to the entire redundant oral instruction. If defense counsel believed any possible confusion had remained, he was free to object and have the trial court further correct the error. (See *Mills*, *supra*, 48 Cal.4th at p. 201, fn. 15.)

Because the jury was provided with the correctly worded version of CALCRIM No. 220, there was no reversible error.

II

*Washington Robbery Conviction as Prior Strike*

Defendant contends there is insufficient evidence that the State of Washington robbery prior qualified as a strike under California law. He contends that the law of robbery in California, unlike in Washington, requires an intent to permanently deprive the victim of the property, an element that is missing in Washington law.

To qualify as a strike, a conviction in another jurisdiction must meet all of the elements of the California felony that qualifies as a strike. (See § 1170.12, subd. (b)(2), see also § 667.5, subd. (f).) When deciding whether an out-of-state prior is a serious

5

felony, "the trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved conduct which satisfies all of the elements of the comparable California serious felony offense." (*People v. Myers* (1993) 5 Cal.4th 1193, 1195; *People v. Riel* (2000) 22 Cal.4th 1153, 1204 (*Riel*).) The record need only contain evidence from which the trier of fact can reasonably presume the existence of the required elements. (See *Riel*, *supra*, 22 Cal.4th at pp. 1204-1205; *People v. Johnson* (1989) 208 Cal.App.3d 19, 24.) When the record does not disclose the facts of the offense actually committed, courts presume the prior conviction was for the least offense punishable under the law of the convicting state. (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815-816.)

In California, " '[r]obbery is the taking of "personal property in the possession of another against the will and from the person or immediate presence of that person accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property." ' [Citation.]" (*People v. Davis* (2009) 46 Cal.4th 539, 608.) The intent to deprive permanently is satisfied by the intent to deprive temporarily but for an unreasonable time so as to deprive the person of a major portion of the value or enjoyment. (*People v. Avery* (2002) 27 Cal.4th 49, 58.) In Washington, the elements of robbery no longer include the intent *permanently* to deprive the victim of the property. (*State v. Komok* (1989) 113 Wn.2d 810, 814-817 [783 P.2d 1061, 1063-1064]; see also *Riel*, *supra*, 22 Cal.4th at p. 1206.) Thus, we must determine whether the record of conviction for defendant's State of Washington prior permits the inference of an intent to deprive permanently. We agree it does not.

The record of defendant's conviction contains information that defendant was convicted by plea on October 23, 2009, of a first degree robbery committed on May 18, 2009, by displaying an object that appeared to be a firearm or other deadly weapon.

The record shows defendant's conviction for robbery was as provided under Revised Code of Washington 9A.56.190, for being in violation of Revised Code of Washington 9A.56.200, subdivision (1)(a)(ii), which provides that "[a] person is guilty of robbery in the first degree if:  [¶] . . . [i]n the commission of a robbery or of immediate flight therefore, he or she:  [¶] . . . [d]isplays what appears to be a firearm or other deadly weapon . . . ."

There are no other facts of the offense contained in the record.

Thus, there is insufficient evidence to support a determination that defendant's Washington robbery involved conduct satisfying all the elements of robbery in California.  Accordingly, we must reverse the trial court's finding that defendant's Washington conviction constituted a serious felony conviction and remand to permit the People to present evidence at a new trial on whether the Washington conviction so qualifies.  (§ 1192.7, subd. (c)(19); *People v. Barragan* (2004) 32 Cal.4th 236, 239, 259 [retrial of strike allegation permissible where appellate court reverses for insufficient evidence].)

III

*Correction of Abstract of Judgment*

Finally, defendant contends, and the People agree that the abstract of judgment erroneously reflects that the trial court imposed a $36 fine pursuant to section 1202.5. Section 1202.5 provides for imposition of a mandatory fine in cases involving certain specified Penal Code section violations.  Defendant was convicted of none of those. Thus, the trial court did not orally impose any fine pursuant to section 1202.5 and reference to such a fine must be stricken from the abstract.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [oral pronouncement controls and appellate court may order correction of abstract not accurately reflecting oral judgment].)

DISPOSITION

The finding that defendant's prior conviction for robbery in Washington was for a serious felony within the meaning of the three strikes law is reversed, and the three-year enhancement imposed for that prior conviction is stricken. If the People elect to retry the strike allegation, the trial court shall resentence defendant following retrial. If, within 60 days after the remittitur issues from this court, the People have not filed and served an election to retry the strike allegation, the trial court shall dismiss the allegation and amend the abstract of judgment to delete the three-year term. In any event, the court shall amend the abstract of judgment deleting the $36 fine attributed to section 1202.5 and forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.

                                        HULL            , Acting P. J.


We concur:


        MURRAY        , J.


        HOCH          , J.

8