[Crim. No. 1356. Third Appellate District.—September 17, 1934.]

THE PEOPLE, Respondent, v. LOUIE BIANCHI et al., Appellants.

Ray T. Coughlin and A. G. Bailey for Appellants.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—The appellants herein stand convicted of the crime of assault with intent to commit rape. At a former trial they, together with one Bartels, had been tried, which trial resulted in an acquittal for Bartels, but as to the guilt or innocence of these appellants, the jury were unable to agree.

During the second trial the district attorney offered as part of his case the testimony of Bartels as given at the first trial. To this offer the defendants interposed objections that it was irrelevant, incompetent, immaterial and hearsay, and was not testimony offered on behalf of the people nor of the defendants then on trial, it being testimony offered on behalf of defendant Bartels in his own defense, and did not come within the provisions of section 686 of the Penal Code. The objection was overruled and

the testimony admitted, which appellants now claim constitutes reversible error.

Section 686 of the Penal Code reads in part as follows:

"In a criminal action the defendant is entitled: . . . To provide witnesses on his behalf and to be confronted with the witnesses against him, in the presence of the court, . . . and except also that in the case of offenses hereafter committed the testimony on behalf of the people or the defendant of a witness deceased, insane, out of jurisdiction, or who cannot, with due diligence, be found within the state, given on a former trial of the action in the presence of the defendant who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted."

In contending that the testimony of Bartels is inadmissible we believe able counsel for appellants are giving to this section a strained construction. Clearly the proffered testimony was not hearsay. Bartels testified in open court in the presence of these appellants, who not only had an opportunity to cross-examine him, but actually did so. It is not the language nor the purpose of this section to require that the testimony should have been introduced by or on behalf of all of the defendants in the action. ▪ Its object is to make certain that any testimony which was given at a former trial and offered in evidence at a subsequent trial could only be admitted if the parties against whom it was to be admitted had an opportunity, either personally or by counsel, to cross-examine the witness on the former trial.

It is well stated in Wigmore on Evidence, volume 3, section 1370, that "The Hearsay rule excludes testimonial statements not subjected to cross-examination. When, therefore, a statement has already been subjected to cross-examination and is hence admitted—as in the case of a deposition or testimony at a former trial,—it comes in because the rule is satisfied, not because an exception to the rule is allowed. The statement may have been made before the present trial, but if it has been already subjected to proper cross-examination, it has satisfied the rule and needs no exception in its favor."

Also, under the provisions of section 685 of the Penal Code it is provided that a party prosecuted in a criminal

action is designated in this code as a defendant, and section 7 of the same code provides that words used in the singular number include the plural; therefore the use of the word "defendant" in section 686 of the Penal Code includes the plural thereof, and whenever testimony is introduced on behalf of any of the defendants if there is more than one on trial, it may be introduced at a subsequent trial if the witness has been submitted to the objecting defendants for cross-examination, and he cannot be produced in person as provided under the conditions of section 686 of the Penal Code.

All of the conditions precedent having been complied with, we find no error in the ruling complained of, and the judgments and orders are affirmed.

Thompson, J., and Plummer, J., concurred.