[No. B023267. Second Dist., Div. One. June 8, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT BATISTA, Defendant and Appellant.

COUNSEL

Tibor I. Toczauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HANSON, Acting P. J.—**

### INTRODUCTION

After pleading guilty to first degree burglary in violation of Penal Code section 459,[1] defendant Robert Batista waived his right to a jury trial on the allegation that he was convicted of a prior residential burglary. The trial court found that allegation true, and sentenced defendant to the midterm of four years on the burglary charge and to an additional five years as a prior conviction enhancement. Batista appeals the judgment of conviction and the imposition of the enhancement.

In our opinion filed October 2, 1987, we affirmed the judgment of conviction but under the compulsion of *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] reversed the judgment imposing an enhancement based on defendant's prior burglary conviction. The California Supreme Court, after accepting the case for review, in its April 21, 1988,

---
[1] All references to statutes are to the Penal Code unless otherwise specified.

order, transferred the matter to this court for reconsideration in light of *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].

## FACTS

On the afternoon of April 25, 1986, Margarita Carbajal returned to her apartment and discovered a man coming out of her bedroom. When she yelled at the intruder, he ran out the door towards the parking lot. Margarita's husband, who was parking the car, heard her cry for help. Her husband apprehended the intruder and secured him until the police arrived in response to Mrs. Carbajal's call.

A police investigation revealed that the middle part of the back door, where it is locked, had been broken. Defendant had a screwdriver on his person. Although it had not been reported to the police, Margarita later claimed that a ring was missing from the bedroom.

An information charging defendant with burglary was later amended to allege four prior convictions. At trial on August 1, 1986, the trial court granted defendant's demurrer to three of the alleged prior convictions. Defendant pleaded guilty to the first degree burglary charge, and requested a court trial on the prior conviction. Upon reviewing the trial record on the prior conviction, the trial judge determined it to be true. The judge held that defendant's prior plea of nolo contendere on a residential burglary fell within sections 667, subdivision (a) and 1192.7, and sentenced defendant to a five-year enhancement.

## ISSUES

On appeal, defendant first contends that no evidence supports the judgment of conviction for burglary. Defendant also contends that the trial court erroneously sentenced him to a five-year enhancement for a prior conviction.

## DISCUSSION

### I.

■ Despite having pleaded guilty to first degree burglary, defendant now contends that no evidence supported the conviction, and that the trial court at the preliminary hearing committed reversible error by denying the defense motion to dismiss for lack of evidence.

Penal Code section 1237.5 states that "[n]o appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . ., except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

Because defendant has failed to comply with both of these exceptions, his order of appeal on this issue is not reviewable. ■ Moreover, his guilty *plea admits that sufficient evidence exists*, precluding appeal on this ground. (*People* v. *Meyer* (1986) 183 Cal.App.3d 1150, 1157 [228 Cal.Rptr. 635]; *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894], cert. den. *Warburton* v. *California* (1971) 400 U.S. 1022 [27 L.Ed.2d 634, 91 S.Ct. 587].)

■ Defendant also contends that the trial court at the preliminary hearing erroneously denied a defense motion to dismiss for lack of evidence. Section 872, concerning the proof required at a preliminary hearing, states in part that if "it appears . . . that a public offense has been committed, and there is sufficient cause to believe the defendant guilty . . . ," he must be held to answer.

"At a preliminary hearing, the magistrate must decide only whether there is 'sufficient cause' to believe the defendant guilty of a probable offense. That phrase is generally equivalent to 'reasonable and probable cause[,]' which has been defined as such a state of facts as would lead a [person] of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*People* v. *Orduno* (1978) 80 Cal.App.3d 738, 750 [145 Cal.Rptr. 806], cert. den. *Orduno* v. *California* (1979) 439 U.S. 1074 [59 L.Ed.2d 41, 99 S.Ct. 849].)

The record reveals that the preliminary hearing produced sufficient evidence to bind defendant over to superior court. Neither the preliminary trial court nor the trial court erred, and we affirm the burglary conviction.

## II.

■ On appeal, defendant contends that the trial court erroneously imposed a five-year enhancement for a prior conviction under Penal Code sections 667, subdivision (a) and 1192.7.

Because defendant pleaded *no contest* to an allegation of residential burglary in case number A528796, in an August 1, 1986, hearing, the trial

court found the allegation of a prior conviction for residential burglary to be true in the case at bench, within the meaning of Penal Code section 667, subdivision (a).

Under Penal Code sections 667, subdivision (a) and 1192.7, a five-year enhancement may be imposed for every prior conviction for a "serious felony." The list of serious felonies in section 1192.7 includes "burglary of an inhabited dwelling house. . . ."

Our opinion filed October 2, 1987, under the compulsion of *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] and related cases, reversed the trial court's enhancement for defendant's prior burglary conviction, because it relied upon matter behind the record of conviction. The Supreme Court of the State of California, however, in its order filed April 21, 1988, has transferred *People* v. *Batista* to this court for reconsideration in light of *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150]. The parties having been invited to submit letter briefs and appear for oral argument on this issue, we render the following decision.

*People* v. *Guerrero, supra,* 44 Cal.3d 343, 355-356, overruled *People* v. *Alfaro, supra,* 42 Cal.3d 627, holding that in the context of Penal Code section 667 enhancements, "in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." The trier of fact is not limited to matters necessarily established by the prior judgment of conviction.

In the case at bench, the trial court admitted into evidence the entire court file and the September 17, 1982, reporter's transcript of proceedings in case No. A528796, and stated its familiarity with that file. Pursuant to California Rules of Court, rule 12(a), we have augmented the record on appeal with the Los Angeles County Superior Court file in *People* v. *Batista,* case No. A469469, and in People v. Batista, case No. A528796.

Case No. A528796 contains an information filed July 21, 1982, accusing defendant Robert Guerrero Batista with committing burglary in violation of Penal Code section 459 by entering the residence of Elsa Rubio on March 26, 1982. The file also contained a transcript of a hearing before Judge Loren Miller, Jr., on September 17, 1982, in which the trial court explained to defendant on the record that he was charged with one count of residential burglary, which arose out of an incident on March 26, 1982, in which defendant was seen coming out of a West Covina apartment which defendant had entered with the intent to steal, and defendant responded that he understood the charge and the facts against him. The transcript records

that after knowing and intelligent waivers, defendant pleaded no contest to second degree residential burglary in violation of Penal Code section 459.

The trial court had available to it material in the official court file enabling it to go behind the record of conviction in deciding that defendant's prior conviction was for residential burglary. Since *Guerrero* now permits this procedure, we affirm the trial court's imposition of the Penal Code section 667 enhancement of defendant's sentence.

Defendant, however, on reconsideration, argues that *Guerrero* should not be applied retroactively. We disagree.

■ As a rule, judicial decisions of a court of supreme jurisdiction bear a presumption of retroactivity, and apply to all cases not yet final. Where a decision establishes a new rule, replacing a prior rule to the contrary, courts may make an exception to the ordinary assumption of retrospective operation. (*People* v. *Guerra* (1984) 37 Cal.3d 385, 401 [208 Cal.Rptr. 162, 690 P.2d 635].)

California courts, in determining whether to make such an exception, weigh three factors: (a) the purpose to be served by the new standards; (b) the extent law enforcement authorities relied on the old standards; and (c) how retroactive application of the new standards will affect the administration of justice. (*Id.* at 401, citing *Stovall* v. *Denno* (1967) 388 U. S. 293, 297 [18 L.Ed.2d 1199, 1203, 87 S.Ct. 1967].) These factors, however, are not of equal weight; "[w]hen [the purpose of the new rule] clearly favors retroactivity or prospectivity, it will be given effect without regard to the weight of the remaining factors." (*People* v. *Guerra, supra,* 37 Cal.3d 385, 402.)

■ In the case at bench, however, while *Guerrero* clearly overruled *Alfaro, Alfaro* (decided Oct. 2, 1986) had not been decided at the time of defendant Batista's trial on August 1, 1986, on the truth of the prior conviction. Thus there can have been no reliance upon the old rule by law enforcement authorities, or by defendant, for that matter. Retroactive application of the new standard, by allowing trial courts to go behind the record of conviction, will expedite the administration of justice. The purpose of the new standard is to "[further] the evident intent of the people in establishing an enhancement for 'burglary of a residence' . . . ." (*People* v. *Guerrero, supra,* 44 Cal.3d 343, 355.)

Finally, we note that the California Supreme Court, in transferring the instant case to this court for "reconsideration in light of *People* v. *Guerrero, supra,* 44 Cal.3d 343," implied the retroactivity of that decision.

We therefore affirm the trial court's imposition of the enhancement of defendant's sentence.

## DISPOSITION

The trial court's judgments of conviction and sentencing are affirmed.

Devich, J., and Lucas, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.