[No. D009264. Fourth Dist., Div. One. Apr. 25, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT JOSEPH CASTELLANOS, Defendant and Appellant.

■■■■■■■■■

■■■■■■■■■■■■■■

■■■■■■■■■■

COUNSEL

Hayes H. Gable III, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HUFFMAN, J.—After pleading guilty to first degree residential burglary (Pen. Code, §§ 459, 460),[1] Gilbert Joseph Castellanos waived his right to a jury trial on the allegations he was convicted of three earlier residential burglaries (§ 459) and one earlier attempted residential burglary (§§ 664, 459), each separately brought and tried within the meaning of sections 667, subdivision (a)[2] and 1192.7, subdivision (c)(18),[3] and had served two separate prior prison terms within the meaning of section 667.5, subdivision (b). The trial court found the prior residential burglary (and attempted residential burglary) allegations and one of the prison priors to be true and sentenced Castellanos to a 26-year prison term, consisting of the upper 6-year

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 667, subdivision (a) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[3] Section 1192.7, subdivision (c)(18) provides: "As used in this section, 'serious felony' means any of the following: . . . (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building[.]"

term on the burglary charge and an additional 20 years for the prior conviction enhancements.

Castellanos appeals, contending the trial court improperly considered the transcripts of the preliminary hearings in each prior conviction file to determine he had previously burglarized or attempted to burglarize four separate inhabited dwellings. He specifically argues the admission of the transcripts was error because they are not part of the "record of conviction," they constitute inadmissible hearsay, and their admission violates his constitutional right of confrontation. In addition, he challenges the sufficiency of the evidence in the record to sustain the true findings for the 1978 and 1980 priors and argues the erroneous admission of the preliminary hearing transcripts taints the sufficiency of the evidence as to the true findings on the 1981 and 1984 priors. We conclude the trial court properly considered the transcripts of the preliminary hearings to determine the nature of the burglary underlying each prior conviction and also conclude there is sufficient evidence in the record to support the trial court's finding each alleged earlier burglary or attempted burglary was of an inhabited dwelling. Accordingly, we affirm.

## BACKGROUND

On April 21, 1988, Castellanos was caught in the act of burglarizing an inhabited home. An information was filed charging him with this residential burglary and alleging he had previously suffered four serious felony convictions. A supplemental information was then filed alleging he had also served two prior separate prison terms.

On August 8, 1988, Castellanos pleaded guilty to first degree residential burglary as charged in count 1 and waived his right to a jury trial on the issue of the priors. At the trial on the enhancements on August 22, 1988, Castellanos stipulated he was the person named and involved in the four priors before the court. The People then offered as evidence 20 exhibits concerning the 4 earlier cases. Castellanos objected to the admission into evidence of each preliminary hearing transcript and probation report offered as evidence on grounds they were hearsay and admission would violate his Sixth Amendment right to cross-examine and confront witnesses. After hearing arguments on the issue of admissibility of the objected to exhibits, the court took the matter under submission and heard further argument on what the evidence would prove, subject to its admissibility.

On September 13, 1988, in open court, the trial court issued its ruling. Relying on *People* v. *Batista* (1988) 201 Cal.App.3d 1288 [248 Cal.Rptr. 46], the court admitted into evidence everything offered from the files of the

prior cases except the probation reports. Based on the evidence admitted, the court made the following comments and findings as to each specific prior: "Okay, as to the CR number 65911, the [April 26, 1984] serious felony prior, the court reviewed the superior court information and the executed change of plea form in that case. The court reviewed People's 3, the transcript of the change of plea and I reviewed the preliminary hearing transcript specifically the testimony of Nancy Jean Cantor, and after reviewing those documents, the court is satisfied beyond a reasonable doubt that the building entered was a . . . residence . . . .

"·    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"As to CR 54916 [the November 23, 1981 prior], I reviewed People's exhibit 6, which was the testimony of Georgia Burn, that I also reviewed, and based on a review of those documents, it appears to the court that the People have established beyond a reasonable doubt that the dwelling in that case was a residence.[4]

"As to CR 49698 [the May 12, 1980 prior], the court reviewed People's 9, superior court documents and the court reviewed the information, the executed change of plea form. The court reviewed . . . People's 10, which was the preliminary hearing transcript, specifically the testimony of Janet Counts . . . regarding the furnished apartment there, and the court is satisfied that the . . . dwelling there was a residence.

"As to CR 42211 [the February 3, 1978 prior], the court reviewed People's 14, which were superior court documents, specifically the information there, and the court further reviewed the People's exhibit 15 of the preliminary hearing transcript, specifically the testimony of Cynthia Butler, . . . Barry Schrenkgost, . . . and the testimony of Wiley Jones, and the court is satisfied that the buildings entered in that case were residences.

"Okay, having made those comments, then the court is satisfied beyond a reasonable doubt that the People have met their [burden] in establishing the . . . buildings to be residences, within the meaning of [sections 667(a) and 1192.7(c)(18)]." The court thereafter heard argument on the validity of the two prison prior allegations and determined only one was proved beyond a reasonable doubt.

On October 27, 1988, after considering the probation report, statements in aggravation and mitigation, letters in support of Castellanos, hearing

---

4 We presume the court considered the preliminary transcript testimony of Burn along with the documents designated exhibit 6 which included the information, the change of plea, and the abstract of judgment in that case.

argument of counsel and Castellanos himself, the court denied probation and imposed the upper six-year term for the residential burglary in this case. It then added "the five additional years [for] each of the four separate serious felony prior convictions, which [the court] found to be true . . . [for] an additional 20 years. . . .", and stayed imposition of the one year for the prison prior pursuant to section 654.

Castellanos timely filed an appeal challenging imposition of the prior enhancements. With this background in mind, we turn to his contentions.

DISCUSSION

Castellanos's basic contention is that the admission into evidence of the preliminary hearing transcripts was error because they are not part of the "record of conviction," they are inadmissible hearsay and their admission violates his right to confront witnesses. He further claims the evidence presented to the court was insufficient to show his 1978 and 1980 prior convictions were serious felonies within the meaning of sections 667 and 1192.7 and that the admission of the preliminary hearing transcripts taints the sufficiency of the findings his 1981 and 1984 priors were serious felonies under sections 667 and 1192.7.

Preliminarily, we note the Attorney General in its respondent's brief asks us to determine the trial court erroneously excluded the probation reports in each prior case as evidence from which it could ascertain the nature of the respective burglaries involved. Because we conclude the preliminary transcripts in each case were properly considered by the trial court and there was sufficient evidence in the record from which the trial court could determine beyond a reasonable doubt the burglaries involved in the four prior allegations were residential in nature constituting serious felony priors under sections 667 and 1192.7, it is unnecessary to also determine whether the court could have properly considered the entire probation reports in those earlier cases.[5] (See *People* v. *Braeseke* (1979) 25 Cal.3d 691, 698-701 [159 Cal.Rptr. 684, 602 P.2d 384], vacated (1980) 446 U.S. 932 [64 L.Ed.2d 784, 100 S.Ct. 2147], reiterated (1980) 28 Cal.3d 86 [168 Cal.Rptr. 603, 618 P.2d 149].)

---

[5]This court, however, has recently held the statements of a defendant in a probation report may be considered to determine the nature of a burglary (*People* v. *Garcia* (1989) 216 Cal.App.3d 233 [264 Cal.Rptr. 662]), and *People* v. *Johnson* (1989) 208 Cal.App.3d 19 [256 Cal.Rptr. 16] has upheld the use of a section 1203.01 statement, similar to a probation report, in considering the truth of serious felony prior allegations.

I

The Preliminary Hearing Transcript

## A. The Record of Conviction

■  Returning to the issues at hand, Castellanos recognizes *People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150] decided "in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." He asserts, however, a transcript of a preliminary hearing is not part of that record. We disagree.

In *Guerrero,* our Supreme Court overruled *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154], which held "proof that a prior conviction was a 'serious felony' for the purpose of the five-year enhancement under sections 667 and 1192.7, subdivision (c) was limited to matters necessarily established by the prior judgment of conviction." (*People* v. *Guerrero, supra,* 44 Cal.3d 343 at p. 348.) The court in *Alfaro* had delineated the term " 'record of the conviction' " as referring to "the judgment, and matters necessarily adjudicated therein." (*People* v. *Alfaro, supra,* 42 Cal.3d at p. 636.) It specifically held the court could not consider the pleadings and court records in determining whether the earlier burglary was residential; the court could not look beyond the elements necessarily established by the earlier conviction to determine if it involved a residential burglary. (*Id.* at pp. 631-635.) However, the court in *Guerrero* found this too limiting and stated the entire record of conviction was open for review. (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.) The court reasoned that such was fair because "burglary of a residence" is not a specific crime but rather a term that refers to conduct of the defendant. (*Ibid.*)

The court analyzed sections 667 and 1192.7, subdivision (c) and earlier cases concerning prior felony convictions and concluded allowing the trier of fact to look "beyond the judgment to the entire record of the conviction" is both reasonable and fair, furthering the intent of the People in establishing an enhancement for "burglary of a residence" and effectively barring the prosecution from relitigating the circumstances of an earlier crime. (*People* v. *Guerrero, supra,* 44 Cal.3d at pp. 355-356.)

There the Supreme Court determined the trial court had acted properly in reviewing an accusatory pleading which charged a residential burglary and the defendant's change of plea in determining whether two serious felony convictions were true. It did not, however, resolve the issues of which items are included within the "entire record of conviction" or which items

are admissible and for what purpose. (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 356.)

As we noted in *People* v. *Garcia, supra*, 216 Cal.App.3d 233, 237, since *Guerrero* a number of cases have determined numerous items from a prior conviction file are proper for consideration of the truth of a prior allegation. In *People* v. *Carr* (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458], we considered a change of plea form in addition to the charging information to determine the nature of the crime. In *People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1444 [255 Cal.Rptr. 750], the court considered the charging documents in conjunction with a no-contest plea reflected in a minute order to determine the priors there were residential.

*People* v. *Colbert* (1988) 198 Cal.App.3d 924, 930 [244 Cal.Rptr. 98] held "a trial court may properly consider the prior accusatory pleading in conjunction with other relevant court documents in determining the truth of an allegation that a defendant was previously convicted of the serious felony of 'burglary of an inhabited dwelling house.' " There the court considered the information as well as the abstract of judgment and minute order reflecting the jury found Colbert guilty as "charged in the information" in determining the truth of the earlier convictions. (*Ibid.*)

Similarly, *People* v. *Smith* (1988) 206 Cal.App.3d 340, 344 [253 Cal.Rptr. 522] held a trier of fact could consider "facts established within the record of conviction, even if those facts were not essential to the judgment" in determining the truth of a prior allegation. Smith pointed out, however, that *Guerrero* precluded the People from relitigating the circumstances of a past offense "by introducing evidence outside the record. [Citation.]" (*Id.* at p. 344, fn. 6.) The court in *Smith* had no difficulty with finding accusatory pleadings, Tahl[6] forms, and transcripts of the sentencing hearing included in the "record of conviction." (*Id.* at p. 345.) Nor did the court in *People* v. *Gomez, ante,* page 157 [268 Cal.Rptr. 50] have any difficulty with finding the charging information and abstract of judgment part of the record of conviction sufficient to establish the residential nature of the prior alleged in that case.

As mentioned *ante,* footnote 5, the court in *People* v. *Johnson, supra*, 208 Cal.App.3d 19, 25, considered a section 1203.01 statement of views signed by the judge and prosecutor detailing the residential character of the burglary in conjunction with the information and abstract of judgment indicating a guilty plea to determine the truth of the priors there. Also, in *People* v. *Garcia, supra*, 216 Cal.App.3d at p. 237, we held the court properly consid-

---

[6] *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

ered the admissions of Garcia contained in the probation report of the earlier conviction file in determining the residential nature of the burglary in that case.

In *People* v. *Batista, supra*, 201 Cal.App.3d 1288, the case on which the trial judge in this case relied, the court admitted into evidence the entire court file of the earlier proceedings, taking special note of the reporter's transcript of the plea proceedings and charging information to determine Batista's prior no-contest plea was to residential burglary. (*Id.* at pp. 1293-1294.) In like fashion, our Supreme Court in *People* v. *Burton* (1989) 48 Cal.3d 843, 863 [258 Cal.Rptr. 184, 771 P.2d 1270], in reviewing a trial court's determination that a prior conviction was a "serious felony," noted "the court had the file of defendant's burglary convictions before it when it took judicial notice of their residential nature." This it held was proper under *Guerrero.* (*Ibid.*)

From these cases we glean the "entire record of conviction" includes all relevant documents in the court file of the prior conviction. If a preliminary hearing is conducted in any particular case, the transcript of that hearing becomes part of that court file (see § 869) and is necessarily part of the "entire record of conviction."

At a preliminary hearing, testimony is adduced to support the validity of binding the defendant over by way of information to the superior court for trial on the felonies charged in the criminal complaint. (See § 872.) While the magistrate at a preliminary hearing only decides whether there is "sufficient cause" to believe the defendant guilty of a probable offense, the defendant at that hearing is entitled to the same constitutional rights he is entitled to at trial and the rules of evidence apply. The transcript of that hearing is the court document that must fully support the validity of the information when it is challenged under section 995. Because a court may rely upon the information itself to determine the residential nature of a prior conviction, it logically follows it may also rely upon the preliminary hearing transcript, the very document on which the information was based. (See reasoning in *People* v. *Dean* (1984) 161 Cal.App.3d 493, 502 [207 Cal.Rptr. 688].)

*B.   Admissibility*

Having determined the preliminary hearing transcript is part of the record of conviction, the question then becomes whether that transcript is admissible in a case like this where the defendant has raised hearsay and

right to confront witnesses objections.[7] Castellanos argues the preliminary hearing transcripts are "former testimony" evidence for which the prosecution did not present a proper foundational showing of unavailability of the witnesses before the court admitted the transcripts into evidence over his hearsay and confrontation objections.

We recognize the preliminary hearing transcript is hearsay as it is comprised of testimony given under oath in an earlier proceeding which must normally qualify under an exception to the hearsay rule before it is admissible. (See 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, §§ 789-794, pp. 762-767.) Its introduction into evidence is generally covered by section 686, subdivision 3(a) and Evidence Code sections 1290-1291. Section 686, subdivision 3(a) provides: "Hearsay evidence may be admitted to the extent that it is otherwise admissible in a criminal action under the law of this state." Evidence Code section 1290 lists testimony given under oath in another action or in a former hearing as included within the meaning of "former testimony." Evidence Code section 1291 provides evidence of former testimony is not inadmissible if the declarant of that testimony is unavailable as a witness and the testimony is offered against a party who had the "right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing." (Evid. Code, § 1291, subd. (a)(2).)

■ The major policy underlying the hearsay rule is the need for cross-examination to test the credibility of the declarant or witness. The rule is usually satisfied by former testimony which has been held to be highly reliable because it was subject to cross-examination. (*People* v. *Bianchi* (1934) 140 Cal.App. 698, 700 [35 P.2d 1032].) Former testimony also satisfies the requirements of the confrontation clause if at the earlier hearing the defendant was afforded a complete and adequate opportunity to cross-examine the witnesses against him. (*People* v. *Moran* (1974) 39 Cal.App.3d 398, 406 [114 Cal.Rptr. 413].)

■ In this case, while there was no specific showing of unavailability of the witnesses who testified at the preliminary hearing and whose testimony is contained in the transcript pages considered by the court for its determination Castellanos's earlier burglaries were residential in nature, Castellanos had confronted and cross-examined those witnesses with respect to the burglaries in the earlier proceedings with the same motive that he would

---

[7]Contrary to Castellanos's assertion the preliminary hearing transcript is not part of the record of conviction because it is only admissible if the parties stipulate to it being considered in evidence, the question of admissibility is different than the question of what constitutes the record of conviction. (See *People* v. *Smith, supra*, 206 Cal.App.3d at p. 345, fn. 8.) Moreover, because it is relevant evidence, it is admissible unless properly objected to by one of the parties or some statutory section precludes it if not stipulated into evidence by the parties.

have had if he were allowed the opportunity to cross-examine them in this case. However, to allow him to do so here would be totally contrary to *Guerrero*'s bar against relitigating the circumstances of an earlier crime. (*People* v. *Guerrero, supra*, 44 Cal.3d at pp. 355-356.)

If this were a proceeding where a defendant's guilt on the offense bound over from the preliminary hearing was being litigated or his probation or parole was being revoked on the basis of a new offense, the lack of a specific showing of unavailability of the witnesses would certainly preclude the admission of the preliminary hearing transcripts. (See *People* v. *Winson* (1981) 29 Cal.3d 711 [175 Cal.Rptr. 621, 631 P.2d 55].) ■ ■ ■ ■ ■ However, the nature of the proceeding here, to determine whether a defendant has suffered a prior serious felony conviction (not to determine whether he is guilty of that earlier offense), is a different breed of animal.[8] Because the preliminary hearing transcript testimony and other relevant court documents, albeit hearsay, are not being offered against the defendant in the traditional sense, but are merely being offered for the neutral inquiry as to the nature of the earlier offense, i.e., to explain the defendant's conduct which comprised the crime he admitted to have suffered in the earlier proceeding, they are admissible as exceptions to the hearsay rule to explain his admissions. (See *People* v. *Smith, supra*, 206 Cal.App.3d at p. 345, fn. 7.)

Such limited admissibility comports with *Guerrero*'s goal of promoting "the efficient administration of justice." (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 355.) Thus the preliminary hearing transcript testimony here was properly admitted and considered by the court to determine the nature of Castellanos's earlier burglaries.

## II

### Sufficiency of Evidence

■ The question remains whether the evidence before the court was sufficient to support its findings Castellanos had previously been convicted of three residential burglaries and an attempted residential burglary, serious felonies under section 667. ■ ■ Our examination of the documentary exhibits received in evidence at trial " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—

---

[8] A defendant has the right to challenge at the trial on a prior conviction its use allegedly obtained in violation of his constitutional rights. (*People* v. *Reeves* (1981) 123 Cal.App.3d 65 [176 Cal Rptr. 182], disapproved on other grounds by *People* v. *Sumstine* (1984) 36 Cal.3d 909, 916, fn. 6 [206 Cal.Rptr. 707, 687 P.2d 904].) Where, as here, there is no constitutional challenge, the burden is on the People only to establish the defendant did in fact suffer the prior alleged.

that is, evidence which is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt'" (*People* v. *Ruiz* (1988) 44 Cal.3d 589, 611 [244 Cal.Rptr. 200, 749 P.2d 854]) convinces us the trial court did not abuse its discretion in making these determinations.

Concerning the validity of Castellanos's 1981 and 1984 priors, Castellanos himself conceded at trial the residential nature of his 1984 prior was proven true on the basis of the information and change of plea in that case and acknowledged that within the change of plea he admitted the 1981 prior was a serious felony. Thus, even without considering the preliminary hearing transcripts in those cases, there was sufficient evidence in the record from which the court could find true those serious felony priors beyond a reasonable doubt. (See *People* v. *Thomas* (1986) 41 Cal.3d 837 [226 Cal.Rptr. 107, 718 P.2d 94]; *People* v. *Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on other grounds in *People* v. *Guerrero, supra,* 44 Cal.3d 343, as noted by *People* v. *Burton, supra,* 48 Cal.3d 843, 863.)

Regarding his 1980 prior, the information merely alleged an attempted burglary of a building and his change of plea form indicated he was attempting to commit a burglary. The transcript of the change of plea hearing, however, shows the building he entered was an apartment. An apartment is listed within section 459 as a residential area subject to its provisions. Castellanos argues the term "apartment" fails to prove that structure was inhabited for purposes of satisfying the requisite "inhabited dwelling" component of residential burglary. (See *People* v. *Lewis* (1969) 274 Cal.App.2d 912, 921 [79 Cal.Rptr. 650].) This argument merely affects the weight of the evidence, not its admissibility. (See *People* v. *Smith, supra,* 206 Cal.App.3d at p. 346.) Moreover, the preliminary hearing transcript confirms the 1980 burglary was of a residence and it has been determined the terms residence and inhabited dwelling house for purposes of a serious felony are equivalent. (*People* v. *Harrell, supra,* 207 Cal.App.3d 1439, 1445.)

While the information and change of plea for the 1978 prior only reflect Castellanos admitted he entered two buildings with the intent to steal, the preliminary hearing transcript shows the two buildings he entered were residences.

Because we have determined the transcripts of the respective preliminary hearings are part of "the entire record of conviction" and are admissible in evidence and have found sufficient evidence in the record to support the court's findings each alleged prior burglary or attempted burglary was of an

inhabited dwelling, we need not address Castellanos's additional arguments concerning the effect of any errors in the admission of those transcripts.

## III

### Disposition

The judgment is affirmed.

Benke, Acting P. J., and Nares, J., concurred.

A petition for a rehearing was denied May 11, 1990, and appellant's petition for review by the Supreme Court was denied August 23, 1990. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.