131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don Defore WATSON, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 97-15232.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided November 20, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-02832-EFL; Eugene F. Lynch, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Don Defore Watson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging a sentencing enhancement. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Watson's petition, see James v, Borg, 24 F.3d 20, 24 (9th Cir.1994), and we affirm.
 
 
 3
 In 1990, Watson was convicted of burglary and received a five-year sentence enhancement for a 1979 second degree burglary conviction. Relying on the preliminary hearing transcript from the 1979 conviction, the state sentencing court found that the burglary had involved a residence and therefore qualified as a "serious felony" that enhanced Watson's sentence five years. The 1979 preliminary hearing transcript has since been destroyed by the Superior Court.
 
 
 4
 Watson contends that his due process rights were violated by the State's destruction of the preliminary hearing transcript, that his confrontation rights were violated by the admission of the transcript in the 1990 sentencing proceeding, and that he was deprived of his right to have a jury try the sentence enhancement allegations. These contentions lack merit.
 
 
 5
 We reject Watson's argument that the destruction of the preliminary hearing transcript violated due process because Watson has not demonstrated that the State acted in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988).
 
 
 6
 We also reject Watson's contention that his Sixth Amendment right to confrontation was violated by the state court's admission of 1979 preliminary hearing transcript. The right to confront witnesses is not violated by evidence admissible "under a firmly rooted exception to the hearsay rule." See Ohio v. Roberts, 448 U.S. 56, 66 (1980). The hearsay exception for former testimony is a firmly rooted exception. See Barker v. Morris, 761 F.2d 1396, 1399 (9th Cir.1985). Under California Evidence Code Section 1291(a), former testimony is admissible if the declarant is unavailable and "[t]he party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that" in the later proceeding. Cal. Evid.Code § 1291(a) (West 1995).
 
 
 7
 Watson's 1979 preliminary hearing transcript was admissible under section 1291(a). The unavailability requirement was satisfied because California law barred the State from calling the victim-witness from the 1979 preliminary hearing at Watson's sentencing proceedings in 1990. See People v. Reed, 13 Cal.4th 217, 226 (1996). The similar motive requirement was satisfied because, although entry of a residence was not an element of the burglary for which Watson was convicted in 1979, Watson's counsel had an incentive to challenge the entire charge against him, and to impeach any misstatements by the victim. See People v. Castellanos, 219 Cal.App.3d 1163, 1173-74 (1990). Finally, Watson's counsel at the preliminary hearing had an opportunity to cross-examine the witness. Accordingly, the preliminary hearing transcript was admissible under a firmly rooted exception to the hearsay rule, and therefore did not violate Watson's right to confrontation. See Roberts, 448 U.S. at 66.[1]
 
 
 8
 Finally, Watson contends that he was deprived of a liberty interest when he was denied his right, under Cal.Penal Code § 1025, to have a jury find facts relating to his sentencing enhancement. We disagree. Watson expressly waived this state law right. See People v. Vera, 15 Cal.4th 269, 274 (1997). Because there was no violation of state law, there is no merit to Watson's due process claim. See Toomey v. Bunnell, 898 F.2d 741, 745 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Watson also argues that the admission of the preliminary hearing transcript constituted an independent due process violation. He cites no authority supporting this argument, and we reject it as frivolous