Filed 1/10/14  P. v. Ibrahim CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062647 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235716) |
| HUSSEIN ADEN IBRAHIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed in part; reversed in part and remanded.

R. Clayton Seaman, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Hussein Aden Ibrahim challenges his enhanced sentence under the three strikes law and under Penal Code section 667, subdivision (a)(1)[1] on the grounds the trial court erred in concluding his prior Minnesota conviction for burglary in the first degree constituted a strike prior and a serious felony prior under California law.

The Attorney General concedes that the record is insufficient to prove that Ibrahim's Minnesota burglary prior constitutes a strike prior and a serious felony prior under California law.  However, the Attorney General argues that a retrial on the prior conviction for sentencing purposes is permissible and that the People should be allowed to present evidence from the record of Ibrahim's Minnesota burglary conviction to establish that it was a strike prior and a serious felony prior under California law.  We agree with the Attorney General.

FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2011, Ibrahim punched Abdirizak Said in the face and head, forcefully and repeatedly.  After the assault, Said became unresponsive and was transported to a hospital emergency room.  Said was hospitalized for his injuries for about a week.  Said was diagnosed with facial contusions and mild to moderate brain injury.

A jury convicted Ibrahim of one count of assault by means of force likely to produce great bodily injury and one count of battery causing serious bodily injury and found true, with respect to both counts, allegations that Ibrahim personally inflicted great bodily injury on the victim.

---

[1]     Further undesignated statutory references refer to the Penal Code as it existed in 2011.

By his own admission, Ibrahim's criminal record included 2005 convictions in Minnesota for "assault in the second degree" and "first degree burglary." According to the complaint filed in the Minnesota proceeding, the Minnesota assault and burglary convictions grew out of an incident in which Ibrahim and others broke into the home of a person with whom Ibrahim had had an earlier confrontation and assaulted the victim.[2]

2    The Minnesota complaint stated in pertinent part: "On July 29, 2005, St Cloud Police officers were dispatched to a residence on 6th Avenue South, said area being within the City of St Cloud, County of Stearns, State of Minnesota, in response to a report of a fight in progress[.] Subsequent to their arrival, St Cloud Officers Smith and Wilson entered into this residence, where upon, they observed two males to be holding each other and wrestling[.] They were separated and subsequently, Hussein Aden Ibrahim, DOB 01/02/85, (hereafter referred to as the defendant), was taken into custody[.] Statements were taken from individuals having knowledge of this incident[.] Male A, (fully identified in police reports), reported that, as he and two other individuals were walking home, the individual now identified as the defendant approached him and asked him for a cigarette[.] Male A reported that he believed this individual pushed him and that he pushed him back and that this individual then 'told me that he was gonna kill me or somethin[g.]' Subsequent to their arrival back at their residence, Male A reported that 'I saw this guy with a bunch of people comin[g] into the house[.]' He reports that he confronted these males ('three, four guys') and told them to stop and that one of them then attacked him (the defendant)[.] He reports that he took the defendant down and wrestled with him and then the police officers arrived[.] Male A also reported that the defendant was the same male who had earlier asked him for a cigarette[.]

"Male B also give a statement to police officers[.] In that statement, he also reported how the individual now identified as the defendant had followed him and other individuals up the driveway, asked Male A for a cigarette and after Male A told him that he did not have a cigarette, got in Male A's face and Male A then pushed him away[.] Male B stated that they then went to the residence and went to bed[.] Male B explained that approximately a half hour later, while he was lying in bed, he heard profanity, heard his window being kicked in, and then observed, coming through the back door, the same individual who had asked for the cigarette[.]

"He reported that 'so he just charged at me and started throwing punches and stuff[.'] Male B believed that he had been hit around or behind his ear[.] Male B went on to describe how Male A then came in and that the defendant then ended up with Male A and that he then called the police[.]"

3

The information in the present case alleged, and the trial court found, that both of Ibrahim's Minnesota convictions qualify as strike priors, within the meaning of sections 667, subdivisions (b) through (i), 668 and 1170.12 and as serious felony priors within the meaning of sections 677, subdivision (a)(1), 668 and 1192.7, subdivision (c). The trial court sentenced Ibrahim to prison for a total term of 25 years to life, plus 13 years, comprised of: (i) an indeterminate term of 25 years to life on both counts due to the two strike priors; (ii) three years for the great bodily injury enhancement, under section 12022.7, subdivision (a); and (iii) five-year enhancements for each serious felony prior under section 667, subdivision (a)(1).

## DISCUSSION

### I

Ibrahim contends there is insufficient evidence in the record to prove that his prior Minnesota conviction for burglary in the first degree constitutes either a strike prior or a serious felony prior. The Attorney General agrees with Ibrahim, as do we.

Section 668 provides that an offense committed in out-of-state jurisdictions, if punishable under California law, subjects any subsequent crime committed by the same person within California to the punishment "in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state." Section 668 qualifies priors from other jurisdictions for recidivist criminal punishment.

Under California law, two statutory schemes increase the prison term for recidivists. First, a prior conviction from another jurisdiction qualifies as a strike where

4

the crime "includes all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7." (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) Two or more prior qualifying felonies permit the sentence to be enhanced to "an indeterminate term of life imprisonment . . . ." (§ 667, subd. (e)(2)(A); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 506.) Second, a prior conviction from a foreign jurisdiction allows a five-year sentence enhancement where the crime "includes all of the elements of any serious felony" under California law. (§ 667, subd. (a)(1).) Thus, when a foreign offense includes all of the elements of a California qualifying felony, a strike prior or a serious felony prior will be established. (See *People v. Woodell* (1998) 17 Cal.4th 448, 453; *People v. Myers* (1993) 5 Cal.4th 1193, 1200.)

However, there is "no guarantee the statutory definition of the crime in the other jurisdiction will contain all the necessary elements to qualify as a predicate felony in California." (*People v. Woodell*, *supra*, 17 Cal.4th at p. 453.) Such is the case here. The Minnesota burglary statute does not mirror California law and punishes a broader range of conduct than its California counterpart.

The Minnesota Statutes section 609.582, subdivision 1 provides for burglary in the first degree, where "[w]hoever enters a building without consent and *with intent to commit a crime*, or enters a building without consent and *commits a crime* while in the building," if the building is occupied or the burglar assaults a person within the building. Intent to commit either a felony or misdemeanor will satisfy the mens rea of burglary in

5

the first degree in Minnesota. However, California requires not only the element of entering an inhabited dwelling but also the element of "intent to commit grand or petit larceny or *any felony*" to prove first degree burglary. (§§ 459, 460, subd. (a), italics added.) Thus, entering an inhabited dwelling with the intent to commit a misdemeanor would not constitute first degree burglary in California, but it may constitute first degree burglary in Minnesota.

Ibrahim contends the record does not show the assault committed by him in Minnesota was a felony and asserts that he only wrestled with a dweller and no weapons were alleged to be found or used. The Attorney General concedes that "the description in the complaint only indicates that [Ibrahim] committed an assault; it does not include any additional allegations that would necessarily constitute a felony assault in California. The record does not include the transcript from the change of plea hearing or a written factual basis. Assuming the probable cause portion of the complaint is otherwise admissible, those facts are also ambiguous as to whether [Ibrahim] intended to commit felony assault or simply a misdemeanor."

Because, as the Attorney General concedes, the record does not show that Ibrahim's Minnesota burglary conviction constitutes a violent felony as defined in subdivision (c) of section 667.5 or a serious felony as defined in subdivision (c) of section 1192.7, the trial court erred in finding Ibrahim's Minnesota burglary conviction could be used as either a strike prior for purposes of a 25-year-to-life indeterminate term or as a serious felony prior for purposes of the five-year enhancement. Thus, we must

6

reverse the judgment and, as we explain, remand for retrial of the allegations that the Minnesota burglary was a strike and a prior serious felony.

II

Although the People concede that Ibrahim's prior burglary conviction could not qualify as a strike prior or a serious felony prior, they claim they are entitled to retry his prior burglary conviction allegation and introduce further evidence to establish a strike or a serious felony prior on remand. Ibrahim contends that a retrial to prove a strike would violate his Fifth and Fourteenth Amendment due process rights and double jeopardy protection and would also violate his Sixth Amendment right to a speedy trial. We agree with the Attorney General.

A. *Double Jeopardy*

Neither the federal nor state constitutional double jeopardy clause precludes retrial on a prior conviction allegation in the noncapital sentencing context. (*Monge v. California* (1998) 524 U.S. 721, 734 (*Monge II*); *People v. Monge* (1997) 16 Cal.4th 826, 845 (*Monge I*); *People v. Barragan* (2004) 32 Cal.4th 236, 239.) The Fifth Amendment of the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." This constitutional clause, known as the double jeopardy prohibition, proscribes a second trial "for the same offense." (U.S. Const., 5th Amend.) However, the United States Supreme Court has consistently ruled that this clause does not apply to sentencing determinations nor does it preclude the courts from imposing a longer sentence after retrial. (*Monge I*, at pp. 834-

7

835; see *Stroud v. United States* (1919) 251 U.S. 15; *North Carolina v. Pearce* (1969) 395 U.S. 711, 720; *Chaffin v. Stynchcombe* (1973) 412 U.S. 17, 23-24; *United States v. Difrancesco* (1980) 449 U.S. 117, 120 (*Difrancesco*).) A primary reason for this holding is the court's belief that sentencing in a noncapital case does not carry the finality that attaches to an acquittal. (*Difrancesco*, at p. 133; *Pennsylvania v. Goldhammer* (1985) 474 U.S. 30.)

In *Monge II*, the defendant was charged under California law with three counts of marijuana-related crimes. The prosecution sought to prove a prior serious felony conviction allegation for personal use of a deadly weapon within the meaning of the three strikes law. (*Monge I*, *supra*, 16 Cal.4th at pp. 829-830.) The defendant waived his right to a jury trial on the sentence. (*Ibid.*) The trial court found both sentencing allegations true and imposed the enhancements. (*Id.* at p. 831.) The Court of Appeal held the evidence was insufficient to establish the defendant's prior serious felony and a remand for a retrial on the allegation would violate double jeopardy prohibitions. (*Ibid.*) The California Supreme Court reversed the Court of Appeal's holding that double jeopardy prohibited retrial. (*Id.* at p. 845.) The United States Supreme Court agreed and reaffirmed the "'well-established part of our constitutional jurisprudence'" (*Difrancesco*, *supra*, 449 U.S. at p. 137) that double jeopardy prohibition is inapplicable to sentencing proceedings (*Monge II*, *supra*, 524 U.S. at p. 734), reasoning that retrial of a prior conviction allegation does not place a defendant in second jeopardy for an "offense." (*Id.* at p. 728.) The Supreme Court reiterated that the repeat-offender laws, which "'"penalize

8

only the last offense committed by the defendant"'" (*Ibid*., quoted from *Nichols v. United States* (1994) 511 U.S. 738, 747), impose sentence enhancements only on the current offense rather than an additional punishment for the previous offense. (*Monge II*, at p. 728; see *United States v. Watts* (1997) 519 U.S. 148.) The "enhanced sentence imposed on a persistence offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime.'" (*Monge II*, at p. 728, quoted from *Gryger v. Burke* (1948) 334 U.S. 728, 732.)

In sum, retrial of Ibrahim's Minnesota prior will not subject him to double jeopardy.

B. *Due Process & Speedy Trial*

Ibrahim also contends that "placing [him] in the position of having to defend against evidence of his mental intent eight years later in a different state" violates his constitutional due process rights and right to a speedy trial. We disagree.

In *People v. Guerrero* (1988) 44 Cal.3d 343, the Supreme Court overruled its previous holding in *People v. Alfaro* (1986) 42 Cal.3d 627, 636 that a prior conviction is "'"the judgment, and matters necessarily adjudicated therein,"'" concluding instead that "in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (*People v. Guerrero*, *supra*, at p. 345.) The court also determined that "[t]o allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the

9

circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Id*. at p. 355.)

In *People v. Myers* (1993) 5 Cal.4th 1193, the Supreme Court further held that the rule of *People v. Guerrero*, *supra*, 44 Cal.3d 343 applies to out-of-state convictions as well as to California convictions. Because "[a] defendant whose prior conviction was suffered in another jurisdiction is . . . subject to the same punishment as a person previously convicted of an offense involving the same conduct in California," "the trier of fact must be permitted to go beyond the least adjudicated elements of the offense and to consider, if not precluded by the rules of evidence or other statutory limitation, evidence found within the entire record of the foreign conviction." (*People v. Myers*, *supra*, at p. 1201.) Further, "the trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved conduct which satisfies all of the elements of the comparable California serious felony offense." (*Id.* at p. 1195.)

The court in *People v. Woodell* defined the "record of conviction" as including not only "trial court documents" but also "appellate court documents at least up to finality of the judgment." (*People v. Woodell*, *supra*, 17 Cal.4th at p. 455, italics omitted.) There, the court explained that there is no reason to bar all opinions, some of them probative, only because some appellate opinions might not be sufficient to establish a foreign prior. (*Ibid.*)

10

As explained in *People v. Abarca* (1991) 233 Cal.App.3d 1347, "'the record of the prior conviction'" means "all items that could have been used on appeal of that prior conviction, specifically, any items considered a normal part of the record under California Rules of Court, rule 33 or by which it could be augmented pursuant to California Rules of Court, rule 12," and it at least includes: "a change of plea form executed by the defendant in the previous conviction (*People v. Carr* (1988) 204 Cal.App.3d 774, 778); the charging documents and no contest plea reflected in a minute order (*People v. Harrell* (1989) 207 Cal.App.3d 1439, 1444); a complaint and *Tahl*[3] form admissions (*People v. Smith*, *supra*, 206 Cal.App.3d at p. 345); a reporter's transcript of the defendant's guilty plea together with the information (*People v. Batista* (1988) 201 Cal.App.3d 1288, 1293); a probation report (*People v. Garcia* (1989) 216 Cal.App.3d 233, 237); and a preliminary hearing transcript (*People v. Castellanos* (1990) 219 Cal.App.3d 1163, 1170.)" (*People v. Abarca*, *supra*, at p. 1350.)

The foregoing limitations on what may be presented in proving that a prior conviction is either a strike or serious felony entirely obviate Ibrahim's due process and speedy trial contentions. (See *People v. Guerrero*, *supra*, 44 Cal.3d at p. 355.) The People, if they so choose, may retry their allegation that Ibrahim's Minnesota burglary conviction is a strike and a prior serious felony. They, however, are limited to the available record in that case. (*Ibid*.)

---

3    *In re Tahl* (1969) 1 Cal.3d 122.

11

DISPOSITION

Ibrahim's sentence is vacated.  The prior serious or violent felony findings under section 667, subdivision (a)(1) and the three strikes law are reversed, and the cause is remanded for further proceedings consistent with the views we have expressed.  In all other respects, the judgment is affirmed.


                                                                    BENKE, Acting P. J.

WE CONCUR:


NARES, J.


IRION, J.

12