[No. AO21003. First Dist., Div. Three. Feb. 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN ELMER O'CONNELL, Defendant and Appellant.

[No. AO22552. First Dist., Div. Three. Feb. 29, 1984.]

In re KEVIN ELMER O'CONNELL on Habeas Corpus.

**[Opinion certified for partial publication.*]**

---

*Parts II, III and IV are not certified for publication. (Cal. Rules of Court, rules 976(b) and 976.1.)

COUNSEL

Cameron M. Cunningham, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, John B. Moy and Karl W. Payne, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SCOTT, Acting P. J.**—Appellant Kevin O'Connell was charged with violating Penal Code section 459. His first trial resulted in a mistrial, as the jury was unable to agree on a verdict. He was tried again, and was convicted of first degree burglary.

I

The following evidence was adduced at trial. While Joanne Larrabee was waiting for some friends, she saw a stranger inside their house. He was wearing a dark coat and Levis, and an earring in one ear, and had dark, curly hair. Larrabee testified that she recognized appellant as that stranger. When her friends arrived, one of them saw a person in Levis and a green jacket climb over the rear fence and start to run across a railroad trestle. As he ran, he dropped a camera which had been taken from the house.

Juanita Warren saw a man in a green jacket and Levis run from the direction of the trestle and enter apartment 68 in the complex where she lived. She identified appellant as that man. She told police officers who were looking for the suspect what she had seen. One of the officers then saw

Philip Basile, who said he was going to visit Kevin O'Connell in apartment 68. The officer knew O'Connell and knew that two warrants for his arrest were outstanding.

As one officer knocked at the door of apartment 68, he saw appellant through the window; appellant quickly disappeared. After no one responded to an order to open the door, officers kicked it in. Appellant was gone, but a woman was there. A green jacket and Levis were found in the apartment.

Appellant testified at his first trial, but not at his second. Nevertheless, at the second trial, a police officer testified that at the first trial, appellant admitted that the clothes seized from the apartment were his, and that he had escaped from the apartment after police arrived.

II-IV*

. . . . . . . . . . . . . . . . . . . . . .

V

Appellant contends that he was denied effective assistance of counsel because trial counsel (1) did not object to the declaration of a mistrial at appellant's first trial; (2) did not object to admission of appellant's prior trial testimony; (3) did not move to dismiss on speedy trial grounds; and (4) failed to present evidence in appellant's defense. Appellant has also filed a pro se petition for habeas corpus alleging ineffective assistance of counsel; we have ordered that petition consolidated with this appeal for purposes of briefing and argument.

■ The burden of proving a claim of inadequate trial assistance is on the appellant, who must establish that counsel failed to perform with reasonable competence, and that counsel's omissions cannot be explained on the basis of any knowledgeable choice of tactics. (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]; *People* v. *Jackson* (1980) 28 Cal.3d 264, 289 [168 Cal.Rptr. 603, 618 P.2d 149].) ■ In addition, appellant must establish either that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense, or that it is reasonably probable that a determination more favorable to him would have resulted absent counsel's failings. (*Pope, supra,* at p. 425; *People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

---

*See footnote, *ante,* page 548.

■ First, appellant contends that he was deprived of a potentially meritorious plea of former jeopardy because trial counsel did not object to the declaration of a mistrial at his first trial. The contention is without merit. That jury at that trial first reported itself deadlocked on August 19; further deliberation the following morning did not alter the situation. The foreman thought there was no likelihood that the jury would be able to reach a verdict. Accordingly, as it appeared to the court that there was no reasonable probability that the jurors could resolve their differences and render a verdict, the jury was properly discharged; an objection by appellant's counsel would not have rendered the discharge improper. (See *People* v. *Rojas* (1975) 15 Cal.3d 540, 545-546 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127]; Pen. Code, § 1140.)

■ Appellant also contends that counsel should have objected when Police Officer Dunbaugh was questioned during the prosecution's case-in-chief about appellant's testimony at his first trial. While appellant concedes that Evidence Code section 1220[1] may be authority for the admission of that prior testimony, he argues that its use violated his privilege against self-incrimination. However, he cites no authority which so holds.

While the question has not been squarely decided in a California case,[2] the general rule elsewhere is that use of a defendant's prior trial testimony in a subsequent proceeding against him does not violate his privilege against self-incrimination. (See, e.g., *United States* v. *Nell* (5th Cir. 1978) 570 F.2d 1251, 1259-1260 [defendant's testimony at former trial admissible against him in later proceeding if testimony not given in response to illegally obtained evidence]; *London* v. *Patterson* (9th Cir. 1972) 463 F.2d 95, 97, cert. den., 411 U.S. 906 [36 L.Ed.2d 196, 93 S.Ct. 1531] [former testimony, voluntarily given in criminal trial, may be introduced in later trial upon remand]; *Harrison* v. *United States* (1968) 392 U.S. 219, 222 [20 L.Ed.2d 1047, 1051, 88 S.Ct. 2008] [". . . we . . . do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination

---

[1]Evidence Code section 1220 provides in relevant part: "Evidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party. . . ."

[2]In *People* v. *Boyd* (1924) 67 Cal.App. 292 [227 P. 783], during the People's case-in-chief, the prosecutor read testimony which the defendant voluntarily gave at a former trial on the same charge. The appellate court held that the procedure was not subject to the objection that defendant was thereby compelled to testify against himself. (*Id.*, at p. 297.) *Boyd* is not clear authority for the admission of appellant's former testimony in this case, however, as the *Boyd* court went on to state that the testimony contained neither a confession nor an admission, and that it probably should not have been admitted because it "served no useful purpose," but that its admission was harmless. (*Ibid.*)

with respect to the testimony he gives . . . ."]; see also Annot., Self-Incrimination—Privilege—Waiver (1949) 5 A.L.R.2d 1404.)

■ As appellant points out, a probationer's statements given at a probation revocation hearing are not admissible in the subsequent trial on the related criminal charge, so that the probationer is not forced to choose between the privilege against self-incrimination and the opportunity to be heard at the revocation hearing. (*People* v. *Coleman* (1975) 13 Cal.3d 867, 889 [120 Cal.Rptr. 384, 533 P.2d 1024].) ■ Similarly, testimony given by a defendant in support of a motion to suppress cannot later be used against him over his objection, because a defendant should not be obliged to waive his Fifth Amendment privilege in order to assert a Fourth Amendment claim. (*Simmons* v. *United States* (1968) 390 U.S. 377, 394 [19 L.Ed.2d 1247, 1259, 88 S.Ct. 967].) ■ However, no analogous rationale is applicable here, as appellant was not being forced to choose between one right and another when he decided to testify at his first trial.

In sum, trial counsel undoubtedly recognized that an objection to the admission of appellant's prior testimony would have been futile. ■ Trial counsel is not inadequate because he fails to present a futile objection. (*People* v. *Lawrence* (1980) 111 Cal.App.3d 630, 641 [169 Cal.Rptr. 245].)

■ In a related argument, appellant contends that even if his prior testimony was admissible, counsel should have objected to the prosecutor eliciting only damaging testimony, out of context. Appellant seems to argue that trial counsel should have insisted that a transcript of all of his prior testimony be read. However, on cross-examination of the officer, appellant's counsel did elicit some additional testimony about appellant's prior testimony which was more favorable to him. Appellant has failed to establish that counsel's decision not to explore the prior testimony in any greater detail was anything other than a reasonable tactical choice.

■ Appellant also contends trial counsel was ineffective because he consented to a continuance instead of moving to dismiss on speedy trial grounds. However, appellant's argument that had the matter been dismissed, the prosecution would not have refiled the complaint is sheer speculation and unsupported by anything in the record. Appellant has failed to establish affirmatively that counsel's consent to a continuance was anything other than a reasonable tactical decision. ■ Finally, appellant contends that counsel was ineffective because he did not present any evidence in appellant's defense, although appellant wanted him to call a police officer who could testify that no attempt was made to obtain fingerprints at the crime scene. However, in light of all the evidence against appellant, we

cannot agree that counsel's failure to call the officer deprived appellant of a potentially meritorious defense.

Appellant's petition for habeas corpus is denied; judgment is affirmed.

Feinberg, J., and Barry-Deal, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 17, 1984.