[No. F015652. Fifth Dist. July 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY VINCENT HARRIS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts and parts I and III.

## COUNSEL

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEST, P. J.**—Defendant was convicted by jury of selling cocaine base (Health & Saf. Code, § 11352—count 1) and possession of cocaine base for sale (Health & Saf. Code, § 11351.5—count 2). In a bifurcated proceeding the trial court found, for enhancement purposes, that defendant had served four prior prison terms (Pen. Code, § 667.5) and had a prior conviction in 1984 for possession of a controlled substance for sale (Health & Saf. Code, § 11370.2).

Defendant had moved *in limine* to exclude the prior convictions for impeachment purposes. The court ruled that, under Evidence Code section 352, the prosecution could use either a 1982 robbery or a 1989 sale of "bunk cocaine" to impeach defendant but could not use the 1984 conviction for possession of a controlled substance for sale or a 1988 conviction for simple possession. However, defendant preempted the prosecutor and on direct examination admitted both priors.

### STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I. *The trial court did not abuse its discretion by allowing the use of defendant's prior convictions for impeachment purposes.**

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Defendant's guilt phase admission was properly used in the bifurcated enhancement phase to prove the prior robbery conviction true.*

Defendant's trial was bifurcated. After the jury found defendant guilty of the current charges, the court tried the prior prison term enhancement

*See footnote, *ante*, page 104.

allegations. However, fingerprint evidence was not available to prove the issue of identity for the 1982 prior robbery conviction. Defendant admitted this conviction during the guilt phase of the trial. Over defendant's objection, the court considered defendant's admission in finding the enhancement allegation to be true. Defendant's objections were stated as follows:

"[Defense Counsel]: I will object to the use of prior testimony in a prior proceeding to be used in these proceedings at this time, your Honor.

"THE COURT: And, your authority for that?

"[Defense Counsel]: Common sense. [¶] And, also his Fifth Amendment right, your Honor, in this proceeding.

". . . . . . . . . . . . . . . . . . . . .

"THE COURT: . . . do you have any authority, other than common sense, and I'm saying this with a smile, I don't mean to offend you, but, you don't have any authority for that proposition?

"[Defense Counsel]: I do not have a case citing [sic] to give you, your Honor, however, I'm basically using the, uh, idea of probation revocation hearings, and the fact that those, what is stated in trial cannot be used in probation revocation hearings.

"Also, whatever is stated to a probation officer during sentencing cannot be used in a subsequent proceeding, and all of that line of cases, your Honor, which state that each proceeding carries with it a Fifth Amendment right."

 Defendant contends this court should declare, as a rule of judicial policy, that a defendant's testimony given during the guilt phase of a trial cannot be used against him at the subsequent bifurcated trial on the prior convictions. Defendant argues that otherwise a criminal defendant is impermissibly forced to choose between his due process right to testify on his own behalf at the trial on the underlying charges and his right not to incriminate himself in the subsequent trial on the priors. In support of his position, defendant relies on the probation revocation hearing procedure employed by the court in *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024].

In *Coleman*, the defendant was on probation when charged with the underlying offense. However, his probation revocation hearing was held before he was tried on the collateral criminal proceedings. To avoid incriminating himself at the subsequent criminal trial, defendant elected not to testify at the probation hearing.

■ A probationer has a constitutional right to be permitted to speak on his own behalf at his probation revocation hearing. As the *Coleman* court noted, the principal policy underlying this right is to assure informed, intelligent and just revocation decisions. (*People* v. *Coleman, supra,* 13 Cal.3d at p. 873.) A probationer has a right to explain any mitigating circumstances. Further, arbitrary or otherwise unfair treatment decreases the chance of rehabilitating the probationer. However, these policies are impinged when the probationer declines to avail himself of this chance for fear of self-incrimination. (*Id.* at pp. 874-875.) Thus, to alleviate the tension created by requiring the probationer to choose between testifying at his revocation hearing and incriminating himself at a later trial, the court declared a judicial rule of evidence that, upon timely objection, the probationer's revocation hearing testimony is inadmissible against the probationer during subsequent proceedings on the related criminal charges, except for purposes of impeachment. (*Id.* at p. 889.) Further, this exclusionary rule survived the adoption of Proposition 8. (*People* v. *Weaver* (1985) 39 Cal.3d 654, 659-660 [217 Cal.Rptr. 245, 703 P.2d 1139].)

■ The situation here, however, is distinguishable. Bifurcating the trial does not create two separate actions. Rather, severable issues within one proceeding are determined separately to avoid unnecessary prejudice to the defendant. (*People* v. *Bracamonte* (1981) 119 Cal.App.3d 644, 650-651 [174 Cal.Rptr. 191].) Thus, the defendant is not placed in a situation where his decision to testify in one proceeding has an effect on a separate collateral proceeding. Rather, when he waives his privilege against self-incrimination by testifying in the guilt phase of the trial, that privilege is waived for the sentencing phase as well.

Further, since a bifurcation procedure is not constitutionally compelled, there is no constitutional impediment to using the defendant's admission to find the prior conviction true. ■ In fact, the federal Constitution does not prohibit having guilt and punishment determined in a unitary capital trial, even though in that situation the defendant is compelled to choose either to speak on guilt and thereby waive the privilege to remain silent on punishment or to speak on punishment and thereby waive his privilege to remain silent on guilt. (*People* v. *Bonin* (1989) 47 Cal.3d 808, 852 [254 Cal.Rptr. 298, 765 P.2d 460], citing *McGuatha* v. *California* (1971) 402 U.S. 183, 208-220 [28 L.Ed.2d 711, 726-733, 91 S.Ct. 1454].) ■ Thus, a defendant cannot complain that the use of guilt phase evidence in making the penalty determination unduly burdens his privilege against self-incrimination. (*People* v. *Williams* (1988) 44 Cal.3d 883, 966, fn. 48 [245 Cal.Rptr. 336, 751 P.2d 395].)

The procedure employed by the trial court here is more closely analogous to the general evidentiary rule that a defendant's testimony at a former trial

is admissible in evidence against him at a later trial. (*People* v. *O'Connell* (1984) 152 Cal.App.3d 548, 553 [199 Cal.Rptr. 542].) Unlike testimony given at either a probation revocation hearing or a hearing on a suppression motion, a defendant is not being forced to choose between one right and another when he decides to testify at his first trial. (*Id.* at p. 554.)

Similarly here, once defendant decided to testify and waive his privilege against self-incrimination, his testimony was admissible against him to prove the prior conviction allegations.

III. *The trial court did not violate the dual use of facts prohibition when sentencing defendant.\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Ardaiz, J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 1992.

---

*See footnote, *ante*, page 104.