[No. C043173. Third Dist. Oct. 28, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
SHAWTA D. MALONE, Defendant and Appellant.

## COUNSEL

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Daniel Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Defendant Shawta D. Malone[1] was charged with possession of a check with intent to defraud and second degree burglary. Defendant's first trial ended in a mistrial with the jury hopelessly deadlocked.

On retrial, defendant was convicted on both counts. Also, the trial court found true allegations defendant had a prior conviction that qualified as a strike and that he had served a prior prison term. The court sentenced him to five years in state prison.

The sole issue on appeal is whether the trial court erred during the second trial when it allowed the People to read defendant's testimony from the first trial to the jury after the defendant elected not to testify. Defendant's prior testimony included defendant's admission of his prior convictions. We conclude this evidence was properly before the jury. We shall affirm.

---

[1] Although this name appears on the abstract of judgment, Department of Corrections' records reflect the correct spelling is Shante Donta Malone.

## I

### *The First Trial*

Defendant testified at the first trial. On direct and cross-examination, he admitted that he had been convicted of burglary in 1997 and that in March 2000, he took a cassette tape from Tower Records without paying for it.

## II

### *The Second Trial*

During pretrial proceedings in defendant's second trial, the court ruled that if defendant chose to testify, the prosecution could impeach him with three prior convictions—attempted robbery, burglary, and petty theft. It found that the priors all involved the element of dishonesty and none would unduly prejudice the jury against defendant. The prosecution sought to introduce defendant's prior testimony as an admission,[2] but the court deferred ruling on that request. However, it stated that if defendant elected not to testify, he would be "unavailable," and his former testimony would be admissible under Evidence Code section 1291.[3]

After the prosecution rested, defense counsel informed the court defendant was invoking his Fifth Amendment privilege not to testify. The court ruled the prosecution could introduce defendant's former testimony, including both direct and cross-examination. Defense counsel objected to the prosecution's

---

[2] An admission is " 'any extrajudicial statement—whether inculpatory or exculpatory— "which tends to prove . . . guilt when considered with the rest of the evidence." ' " (*People v. Garceau* (1993) 6 Cal.4th 140, 180 [24 Cal.Rptr.2d 664, 862 P.2d 664], quoting CALJIC No. 2.71.)

[3] All further statutory references are to the Evidence Code unless otherwise indicated. Section 1291 provides:

"(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:

"(1) The former testimony is offered against a person who offered it in evidence in his own behalf on the former occasion or against the successor in interest of such person; or

"(2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing.

"(b) The admissibility of former testimony under this section is subject to the same limitations and objections as though the declarant were testifying at the hearing, except that former testimony offered under this section is not subject to:

"(1) Objections to the form of the question which were not made at the time the former testimony was given.

"(2) Objections based on competency or privilege which did not exist at the time the former testimony was given."

introduction of the former testimony as well as the admission of any prior convictions for the purpose of impeachment. He stated, "I think it's outrageous to allow the prosecution to introduce that testimony and then to impeach that testimony by admitting [defendant's] priors." Defense counsel emphasized that his client had exercised his privilege against self-incrimination.

The court ruled that the prosecution could impeach defendant with the same two priors that were admitted during the first trial—the convictions for felony burglary and petty theft. The basis of its ruling was that "the defendant takes the bitter with the sweet." Relying on *People v. Jacobs* (2000) 78 Cal.App.4th 1444 [93 Cal.Rptr.2d 783] (*Jacobs*), the court added: "[T]he jury should hear the testimony in context, that is in proper confection. The defendant being impeached by his prior."

The defense rested without presenting evidence. The prosecution read defendant's former testimony into the record, including defendant's acknowledgment of the two prior convictions. Thereafter, the court admonished the jury to "use [the] prior . . . convictions for no other purpose except to weigh the credibility of the witness."

### III

*Inclusion of the Impeachment Testimony Was Proper*

On appeal, defendant does not challenge admission of the former testimony. Instead, he argues "the structure of section[s] 788 and 1202 suggests felony convictions are not admissible to impeach hearsay declarants who do not testify at trial." Defendant also maintains the court erred in relying on *Jacobs, supra,* 78 Cal.App.4th 1444, which he insists was wrongly decided, to rule that the priors were admissible.[4]

Here, the evidence the People sought to admit was the defendant's *prior trial testimony* that included defendant's admission of his prior convictions. The prosecution did not attempt to present some other hearsay statement of the defendant and then seek to *impeach* the defendant with additional evidence of a prior conviction. Section 1291 explicitly allows the trial court to admit this prior testimony and is not constrained by sections 788 and 1202. ■ Once defendant made himself unavailable by invoking his Fifth Amendment privilege, the admission of his former testimony in the second trial under section 1291, subdivision (a) was proper.

---

[4] *Jacobs, supra,* 78 Cal.App.4th 1444, involved an offer by the defendant to introduce his own statements and the prosecution's request to impeach them.

■ Section 1291's exception to the hearsay rule permits the introduction of the testimony of a witness at a former criminal action where the witness is unavailable at the present trial. (§ 1291, subd. (a).) "Because the major policy underlying the hearsay rule is the need for cross-examination to test credibility . . . , former testimony subject to cross-examination is a highly reliable kind of evidence, and it is sometimes said that the evidence is admitted because the rule 'is satisfied.' " (1 Witkin, Cal. Evidence (4th ed. 2000) Hearsay, § 255, p. 973, citing *People v. Bianchi* (1934) 140 Cal.App. 698, 700 [35 P.2d 1032].) However, former testimony is treated as hearsay under the conventional approach "because the witness is not subject to cross-examination in the present trial." (*Ibid.*)

In this case, defendant's former testimony included his acknowledgment, on both direct and cross-examination, that he had two prior convictions, one for felony burglary. It was properly before the jury under section 1291. The trial court was correct in reasoning that when former testimony is admitted, "the defendant takes the bitter with the sweet."

Contrary to defendant's suggestion to the trial court, the "use of a defendant's prior trial testimony . . . does not violate his privilege against self-incrimination." (*People v. O'Connell* (1984) 152 Cal.App.3d 548, 553 [199 Cal.Rptr. 542].) "A defendant who chooses to testify waives his privilege against compulsory self-incrimination *with respect to the testimony he gives* . . . ." (*Harrison v. United States* (1968) 392 U.S. 219, 222 [20 L.Ed.2d 1047, 1051, 88 S.Ct. 2008], italics added.)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 22, 2004.