Filed 10/1/14  P. v. Marquez CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> LOUIE MARQUEZ, <br><br>    Defendant and Appellant. | 2d Crim. No. B247903 <br> (Super. Ct. No. NA078607) <br> (Los Angeles County) |

Pursuant to a plea agreement, the execution of appellant Louie Marquez's felony sentence was suspended and he was placed on formal probation for five years. Four years later, the trial court revoked his probation and ordered execution of the suspended four-year prison term because of two subsequent criminal convictions.  At the probation revocation hearing, the trial court offered appellant the opportunity to address the court.  He declined to do so.  Appellant contends that the court should have allowed him to speak in mitigation of his punishment through a statement in a probation report. We affirm.

FACTS AND PROCEDURAL HISTORY

In exchange for a negotiated sentence, appellant waived his trial rights and pled no contest to a charge of corporal injury to his spouse. (Pen. Code, § 273.5, subd. (a).)  Appellant was sentenced to state prison for a term of four years.  The trial court

suspended execution of sentence and placed appellant on formal probation for five years with terms and conditions including that he serve 180 days in county jail.

While on probation, appellant suffered two misdemeanor convictions. In case number 1LT03497, appellant was convicted of driving under the influence of alcohol. (Veh. Code, § 23152, subd. (a).) In case number 0LT04772, appellant was convicted of driving with a blood alcohol percentage of 0.08 or more. (*Id.* at subd. (b).)

The trial court held a probation revocation hearing in which it considered appellant's memorandum in support of sentencing mitigation and heard argument by appellant's counsel. The court revoked appellant's probation and committed him to state prison for four years with 458 days of custody credit. At the conclusion of the hearing, the court stated that it "would be glad to hear from [appellant] today if he would like to make a statement." Appellant's counsel informed the court that appellant "wasn't prepared today for testimony."

## DISCUSSION

There are two problems with appellant's argument on appeal—one factual and one legal. The factual problem is that appellant does not provide any evidence of his contention that he requested a new probation report and the trial court denied his request. Appellant claims that this exchange occurred on November 15, 2012. The minute order from that date does not so reflect and appellant does not provide us with the reporter's transcript of the proceeding.

The other problem with appellant's argument is that the only California case he cites for his purported right to make a statement in mitigation of punishment, *In re Shannon B.* (1994) 22 Cal.App.4th 1235, is no longer good law.[1] In *People v. Evans* (2008) 44 Cal.4th 590, 597, the Supreme Court held, contrary to *Shannon B.*, that "[Penal Code] section 1200 does not entitle the defendant, in response to the trial court's

---

[1] We remind counsel of Rules of Professional Conduct, rule 5-200(D), which states that an attorney "[s]hall not, knowing its invalidity, cite as authority a decision that has been overruled . . . ."

2

allocution, to offer a personal statement in mitigation of punishment." (Fn. omitted.)[2]  It further held that a criminal defendant has no right under the federal Constitution to make an unsworn personal statement at sentencing without being subject to cross-examination. (*Id.* at pp. 599-600.)  These holdings foreclose appellant's argument.

Moreover, appellant is not contesting his opportunity to speak at *sentencing*.  His challenge concerns the probation revocation hearing.  But "[r]evocation of probation is not part of a criminal prosecution, and therefore the full panoply of rights due in a criminal trial does not apply to probation revocations."  (*People v. Stanphill* (2009) 170 Cal.App.4th 61, 72.)  The hearing "is more flexible and less formal than a criminal trial."  (*People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1294.)  The probationer is entitled to speak on his own behalf and explain any mitigating circumstances.  (*People v. Harris* (1992) 8 Cal.App.4th 104, 108.)  Appellant had this opportunity.  Due process requires no more.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

[2] Penal Code section 1200 provides in relevant part that "[w]hen the defendant appears for judgment he must be [asked] by the Court . . . whether he has any legal cause to show why judgment should not be pronounced against him."

3

Arthur Jean, Jr., Judge

Superior Court County of Los Angeles

---

Law Offices of Jaime Jasso and Jaime Jasso for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.