Filed 3/24/14  P. v. Britt CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073560 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04690) |
| v. | |
| ANTON BRITT, | |
| Defendant and Appellant. | |

After defendant Anton Britt[1] pleaded no contest to several misdemeanors, a jury found him guilty of receiving stolen property and recklessly evading a peace officer.  In a bifurcated proceeding, the trial court found true the on-bail sentencing enhancement, and that defendant was previously convicted of robbery in Georgia, which the court also

---

[1] The probation report indicates defendant's full name as Anton Denee Britt, whereas the name on his final disposition in Georgia is Anton Denee Jackson.

1

found qualified as a serious felony under California law.  The trial court then sentenced defendant to an aggregate term of nine years four months in state prison.

On appeal, defendant contends the trial court erred in finding his prior Georgia conviction qualified as a serious felony under California law.

## PROCEDURAL BACKGROUND

In September 2012, defendant was charged with first degree residential burglary (Pen. Code, § 459),[2] possessing stolen property (*id.*, § 496, subd. (a)), resisting a peace officer (*id.*, § 148, subd. (a)(1)), driving without a valid license (Veh. Code, § 12500, subd. (a)), driving with a suspended license (Veh. Code, § 14601.1, subd. (a)), and recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a)).  The People further alleged defendant committed these offenses while out on bail on an unrelated felony, and was previously convicted of a serious felony.

Defendant pleaded no contest to resisting a peace officer, driving without a valid license, and driving with a suspended license.  A jury heard evidence on the three remaining charges.  After a four-day trial, the jury found defendant guilty of receiving stolen property and recklessly evading a peace officer.  The jury could not reach a decision on the burglary charge; the trial court declared a mistrial on the same.

The trial court subsequently found true the allegation that defendant was on bail when he committed the crimes for which he was convicted.  The trial court also found true the allegation that defendant was previously convicted of robbery in the State of Georgia, which the trial court found qualified as a strike offense under California law. The trial court sentenced defendant to an aggregate term of nine years four months, including the upper term of three years for the possession of stolen property, doubled to

---

[2]  Undesignated statutory references are to the Penal Code in effect at the time of defendant's crimes.

2

six years as a result of the prior strike. The trial court also found defendant in violation of his probation in an unrelated case (Super. Ct. Sacramento County, 2013, No. 11F07710) and sentenced defendant to an eight-month consecutive term but terminated his probation in that matter after giving him credit for time served.

Defendant appeals.

## DISCUSSION

"For criminal sentencing purposes in this state, the term 'serious felony' is a term of art. Severe consequences can follow if a criminal offender, presently convicted of a felony, is found to have suffered a prior conviction for a serious felony. If the present conviction is also for a serious felony, the offender is subject to a five-year enhancement term to be served consecutively to the regular sentence. (§ 667, subd. (a).) Even if an offender's present conviction is not for a serious felony, a prior conviction for a serious felony renders the offender subject to the more severe sentencing provisions of the three strikes law. (§§ 667, subds. (b)-(i), 1170.12.)" (*People v. Warner* (2006) 39 Cal.4th 548, 552.) "Robbery" is statutorily defined as a serious felony. (§ 1192.7, subd. (c)(19).)

A conviction from another state may qualify as a strike under the three strikes law if it involves the same conduct as would qualify as a strike in California. (*People v. Woodell* (1998) 17 Cal.4th 448, 453.) In determining such conduct, the trial court is not limited to the least adjudicated elements of the offense; it may look to the entire record of the prior foreign conviction to determine whether the prior offense involved conduct that satisfies all the elements of the comparable California serious felony offense. (*People v. Riel* (2000) 22 Cal.4th 1153, 1204; *People v. Myers* (1993) 5 Cal.4th 1193, 1201; *People v. Guerrero* (1988) 44 Cal.3d 343, 352.) In doing so, the court may consider the allegations set forth in the accusatory pleading and the defendant's plea of guilty or no contest to those charges. (*People v. Guerrero*, *supra*, at pp. 345, 355-356; *People v.*

*Harrell* (1989) 207 Cal.App.3d 1439, 1444; *People v. Carr* (1988) 204 Cal.App.3d 774, 778; *People v. Batista* (1988) 201 Cal.App.3d 1288, 1294.)

The prosecution has the burden of proving all elements of an alleged sentence enhancement beyond a reasonable doubt. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) "On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*Id*. at p. 1083.)

In support of the prior serious felony allegation, the People introduced the court reporter's transcript from the 2005 plea hearing in Georgia that resulted in defendant's robbery conviction. According to the transcript, in March 2004, defendant and two of his friends drove to the "Bali Health Spa"[3] with the intent to steal money from the business. Defendant wore a bandana over his face and a baseball cap. His codefendant, similarly disguised, was carrying a gun. As defendant and his codefendant walked into the spa, two female employees ran out; two others remained inside.

Inside the spa, defendant went upstairs and took $8,000 in cash while his codefendant held the two victims "captive" downstairs. Defendant and his codefendant then fled in a car driven by a third defendant. The three were subsequently apprehended following a high-speed chase. Defendant was found hiding in the storage area of a business that was closed. Law enforcement later learned that Lorena Avalos, one of the women held captive during the robbery, was actually a friend of defendant's. Indeed, Avalos told defendant there would be a lot of money in the spa and gave him enough information to help defendant commit the robbery.

_____

[3] Apparently this was neither a health club nor a spa but a house of prostitution.

4

Defendant was charged with two counts of armed robbery, burglary, and felony theft. The victims in the armed robbery charges were identified as Seong Choi (count 1) and Avalos (count 2). Defendant pleaded guilty to two counts of robbery (a reduction from *armed* robbery).

After reviewing the transcript, the trial court here found the conviction as to Choi would constitute a robbery under California law, which is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)

On appeal, defendant argues there is no evidence Choi had access to or dominion and control of the money defendant stole, no evidence Choi was actually afraid, and no evidence the money was taken from Choi's immediate presence. We disagree.

Choi was in the spa during the robbery. As noted by the trial court here, that not only means Choi was in close proximity to defendant while he was upstairs getting the money, defendant walked by Choi as he took the money from the premises. That is sufficient to establish the money was taken from Choi's immediate presence. (*People v. Gomez* (2008) 43 Cal.4th 249, 258 [if the immediate presence element of robbery arises "not during caption but during asportation," there is a robbery].)

Moreover, the simple fact that Choi was being held at gunpoint while the money was being taken is sufficient to show the robbery was accomplished by force or fear.[4] (*People v. Childs* (1980) 112 Cal.App.3d 374, 384 [in proximity of robbers brandishing a deadly weapon constitutes sufficient evidence of force or fear]; *People v. Le Blanc* (1972)

_____

[4] Defendant also notes there is no evidence Choi was the victim in the robbery. Given that there were only two people in the spa (Avalos and Choi) and Avalos was a coconspirator, the victim identified by the trial court here could be no one other than Choi.

23 Cal.App.3d 902, 908-909 [the larcenous aiming of a handgun at a victim accompanied by a demand for and receipt of money constitutes both force and fear].)

Finally, under Georgia law, in order to convict defendant of robbery, the prosecution was required to prove the victim from whom the property was taken was either the owner of the property, or the person in possession of the property, or the person in control of the property. (Ga. Code Ann. § 16-8-40 (2013); *De Palma v. State* (1969) 225 Ga. 465, 469 [169 S.E.2d 801, 804-805].) Such a requirement satisfies the element of robbery under California law that the victim at least be a person in constructive possession of the stolen property. (*People v. Nguyen* (2000) 24 Cal.4th 756, 762 ["the theory of constructive possession has been used to expand the concept of possession to include employees and others as robbery victims"].)

Accordingly, we find the elements of robbery as defined by California law are satisfied by the record of defendant's 2005 conviction for robbery in Georgia.

### DISPOSITION

The judgment is affirmed.

                                                BUTZ                    , J.


We concur:


        ROBIE                    , Acting P. J.


        MAURO                    , J.


6